# OLIVER v. LOFTIN.

1. Any action of the County Court upon a road as a public road as by taking an order in reference to it, is *prima facie* evidence that it is a public road established by law.
2. If a change is made in a public road, and acquiesced in by the public, an overseer of the road would not be authorized to abate it as a nuisance. But when the change is recent, and not justified for the purpose of making it more straight, or more convenient for the public, any one may abate it as a nuisance, and it would be the duty of the overseer of the road to remove the obstruction.

ERROR to the Circuit Court of Montgomery.

This was an action of trespass *quare clausum fregit*, by the plaintiff against the defendant in error. The defence was that the supposed trespass was committed by the defendant, as an overseer of the road, removing a fence which the plaintiff had placed across it a short time previously.

The defendant, to prove that the road was established as a public highway, introduced as evidence a transcript of the record, certified by the Clerk of the County Court of Montgomery as follows:

*State of Alabama—Montgomery county:*
Commissioners Court of Roads and Revenue, held for the county aforesaid, at the Court House, in the town of Montgomery, on the third Monday of February, 1831—Present, Nimrod E. Benson, Judge, and William Wright, Redick Jones, Absalom Evans, and Wade Allen, Commissioners:

Ordered, by the Court, that the road leading from Judkin's ferry to Crommelin's ferry, be and the same is, declared to be a public highway, as the jury of review has laid out and marked the same, and to be of the third grade.

The Clerk of the County Court was also introduced and proved that this was all which remained of record of said road, that he knew of no papers connected with this road, and did not think there were any, but could not say that he had diligently examined for such.

To the introduction of the record the plaintiff objected, because it was not shown by the records that commissioners had been appointed to lay out the road, or that they had done it, or had made a report indicating the route, &c., which objection the Court overruled.

The defendant then offered to prove by a witness that he was one of the jury who laid out and viewed the road—that he had been served with a paper purporting to emanate from the County Court, authorizing him and others to review the route for the said road, but what had become of the paper he could not say—that at the time the road was reviewed and located, the land on which the trespass is alledged to have been committed belonged to one Weaver, upon which was a field through which the road was indicated to run, but that the overseer who opened it, diverted the road to the left, so as to run outside of and along the fence, where it remained some time and until the owner again removed his line of fence still more to the left and across the road as opened. Under which condition of things the plaintiff became the owner, a way having been opened by travellers or otherwise around and along the fence on the outside, which continued to be travelled for several years. That a few days previous to the working on the road the plaintiff had removed the fence still more to the left, and thrown it across the road so formed, the pulling down of which was the trespass complained of.

This testimony was objected to by the plaintiff, because it was not shown that the jury acted under an order of Court, or had made a report which was accepted by the Court, but the Court overruled the objection.

The counsel for the plaintiff moved the Court to instruct the jury that if they believed the defendant had committed a trespass as alledged on the land of the plaintiff where there was not a public road lawfully established by the Commissioners Court of Montgomery county that the plaintiff was entitled to recover.

This instruction the Court refused, and charged the jury that if the road had been laid out to run through the field and had been opened by the overseer to the left of the fence and acquiesced in by the owner, and he had then moved his fence across

the road and one had again been opened by travellers, or otherwise, around the fence so moved and remained for several years as the travelled road, and the plaintiff had then recently thrown his fence across it, the overseer was justified in taking down the fence to open the road—to all which the plaintiff excepted, and now assigns as error.

PRYOR, for plaintiff in error.
HARRIS, contra.

ORMOND, J.—The motion for instructions to the jury appears to be founded on the assumption that no road can be legally established unless the order appointing commissioners to review the road, the report made by them indicating its route, and the final order establishing it were of record in the County Court.

It is not necessary now to determine whether, when a road has been established by the Commissioners Court from one point to another, the route of the road through the intermediate space, would not be sufficiently shown by proof of where the road actually ran, its *user* by the public, and the acquiescence in such use by the owners of the land lying in its route, because, in our opinion, the act of 23d December, 1836, [Meek's Sup. 310,] was intended to foreclose this inquiry, and to supply the precise difficulty supposed to exist in this case.

The first section declares, " that any order of the Commissioners' Court, by which a road is *recognized* as a public road shall in all cases be *prima facie* evidence of that fact ;" that is that such road has been established as a public road according to law.

The design of such law was clearly to legalize such roads as had been established by the Commissioners' Court in an informal manner, or where the evidence of such establishment could not be produced. Therefore any action of the Court upon the road, as a public road, by making an order in reference to it, is made *prima facie* evidence that it is a public road, established by law. In this case the road was established by the County Court, and parol testimony is certainly admissible to prove its location, by shewing where it actually ran.

The charge given is unexceptionable. The act just referred

to, section five, authorizes any one to change the route of the road " to straiten it through enclosures or to make it more convenient to the public ;" from this license it will follow, that if a change is made by any one in the route of the road, and acquiesced in by the public, as appears to have been the fact in this case as regards the first alteration, the overseer of the road could not abate it as a nuisance. But when the change was recent, and not justified for the purpose of straitening the road or making it more convenient for the public, any one might abate it as a nuisance, and it was the duty.of the overseer of of the road to remove such obstruction, and restore the road to its proper condition.

Let the judgment be affirmed.