# Barks v. Jefferson County.

*Action for Personal Injuries from Defective Bridge.*

1. *Public roads; jurisdiction to establish.*—By many decisions it has been held that the statutes must be complied with to give the commissioners' court jurisdiction to establish a public road.

2. *Bridges; jurisdiction to establish.*—There is no statute limiting the discretion of the commissioners' court in the establishment of bridges in the county to public highways; nor does any statute prescribe the manner or proceeding by which the court acquires jurisdiction of the subject matter of erecting bridges; the court exercises a *quasi* legislative authority un-

[Barks v. Jefferson County.]

trammeled by statutory proceedings to acquire jurisdiction, and its decision is not revisable.

3. *Liability of county for personal injuries from defective bridges.* The county is liable for personal injuries caused from a defective bridge erected under contract with the commissioners' court, without a guaranty or bond, under Code of 1896, §2512, whether the bridge is on a public highway or not.

APPEAL from Jefferson City Court.

Tried before Hon. H. A. SHARPE.

The facts of this case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in its behalf. To the giving of this charge the plaintiff duly excepted. There were verdict and judgment for defendant. The plaintiff appeals, and assigns as error the ruling of the court in giving the general affirmative charge requested by the defendant.

GEO. A. EVANS and R. V. EVANS, for appellant.—The power conferred by statute upon the Court of County Commissioners to erect and repair public bridges (while cognate to) is separate from, and independent of, the statute providing the method of establishing public roads; the location of bridges is not confined to public highways.—Code of 1886, Chap. 14, Arts. 1, 2, and 3; *Creswell v. Greene Co.*, 24 Ala. 284; 2 Sher. and Red. Negligence, 390 *et seq.; Hays v. Alrich*, 22 So. 468; Elliott on Roads, p. 38; 4 Am. and Eng. Encyc. (2 Ed.) 921; *Rosser v. Bunn*, 66 Ala. 95-6. Where a road is shown to be used by the public, and to be a public necessity, and to have been recognized by the commissioners' court by orders in reference thereto, the law will presume that it was duly established.—Code 1886, §4133; *Rosser v. Bunn*, 66 Ala. 95-6; *Oliver v. Loftin*, 4 Ala. 242; Elliott on Roads, pp. 21, 22, 38 and 643, note 1; *Titler v. Iowa Co.*, 48 Iowa, 90; *Comr. Court v. Moon*, 53 Ala. 27-8-9; *Hays v. Alrich*, 22 So. 468; *Greene Co. v. Eubanks*, 80 Ala. 206-7.

WALKER, PORTER & WALKER, *contra.*—Code, 1886, §1456, (Code of 1896, §2612,) is a part of a general statutory system relating to Roads, Bridges, Causeways, Ferries and Water Courses. The whole is designed to create a system of highways, and the commissioners'

court has no power to erect a bridge except on a highway. In every reported case, brought under this statute, beginning with *Barbour v. Bronson,* 36 Ala. 362, it has been distinctly averred and proven that the bridge was on a public road. A bridge cannot be free and public unless located on a public road.—*Covington v. Kinney,* 45 Ala. 176; *Barbour v. Horn,* 48 Ala. 649, *Ib,* 566; *Sims v. Butler,* 49 Ala. 110; *Lee v. Yarbrough,* 85 Ala. 590; *Barbour v. Horn,* 41 Ala. 114; *Greene v. Eubanks,* 80 Ala. 204; *Williams v. Stilwell,* 88 Ala. 332; *Williams v. Colbert,* 81 Ala. 216.

COLEMAN, J.—The appellant sued the county to recover damages for personal injuries sustained by the falling of a bridge in Jefferson county, erected over Village Creek. The evidence is without conflict, and shows that as plaintiff was driving over the bridge, it fell and that he was personally injured. It also shows that the bridge was, by written contract entered into in pursuance of orders and authority of the commissioners' court of Jefferson county, constructed at a point selected by the engineer, under the instruction of the commissioners' court, and that a road leading to and from the bridge was opened and made ready for travel, under the superintendence of the county engineer, and that after the completion of the road and bridge, the same was reported to the court of county commissioners by the engineer and that the work of grading the road and erection of the bridge was paid for by orders of the commissioners' court. It was further shown that prior to the erection of the bridge there was an old road leading from Ensley City to Pratt City which ran alongside a dummy line, and on this road there was a bridge over Village Creek very close to the dummy line bridge; that the new bridge was about one hundred and fifty yards away from the old bridge, and that as soon as the new bridge was erected and road-bed graded for travel, the old bridge was torn down, and the public ceased to use the old road and old bridge at the place of crossing the creek, but began to use the new road and bridge. As soon as the road was prepared for travel and use and the bridge completed, the public began to use it and used it continuously until the falling in of the bridge, and it appears that no guaranty, by bond or otherwise, that the

bridge should continue safe for the passage of travelers and other persons as provided by statute (section 2512 of the Code of 1896) was required or executed. There was no record evidence that the road leading to and from the bridge was ever declared to be or established as a public road by the court of county commissioners, other than the orders and entries above stated, relative to the grading of the road and contract for the erection of the bridge and orders for the payments. The bridge and new road had been in use about three months.

Section 957 of the Code of 1896, referring to commissioners' courts, is as follows: "The court possesses original jurisdiction, to the establishment, change or discontinuance of roads, bridges, causeways and ferries within the county, to be exercised in conformity with the provisions of this Code."

Chapter 59, Art. 1, of the Code of 1896, contains the statute law relative to public roads. Section 2445 provides that "No public road can be established, changed, or discontinued except on application to the court of county commissioners." Other sections of the Code under this article provide, that the application shall be made by petition, the contents of the petition, and by many decisions it has been held that the statute must be complied with, to give the court jurisdiction to establish, change or discontinue a public road.—*McDade v. State*, 95 Ala. 28. There is no evidence of such proceedings in the record, but section 5399 of the Code of 1896 reads as follows: "Any order of the court of county comissioners by which a road is recognized as a public road, is presumptive evidence thereof." This statute has been in force a great many years and though now found only in the criminal code, has been applicable to cases other than criminal prosecutions.—*Oliver v. Loften*, 4 Ala. 240. But conceding that the road was not a public road the question then is, can the county be held liable for injuries resulting from the falling of a bridge erected by the court of county commissioners, on a road not a public road, when no guaranty was taken as provided in section 2512 of the Code *supra?* The cases heretofore adjudicated by this court, where suit was brought to recover damages resulting from a defective bridge, was where the bridge was erected as a part of a public highway. Art. I, Ch. 59 is confined to roads, and

makes no provision relative to bridges, but Art. III of
the same chapter is titled "Bridges, causeways and fer-
ries," and contains the statute law on these subjects.
We have seen that section 957 of the Code *supra,* confers
upon the court of county commissioners "original juris-
diction for the establishment of bridges, etc., to be exer-
cised in conformity with the provisions of this Code."
The only statutes applicable to bridges, not toll bridges,
but free bridges, as that under consideration, is found
in sections 2494, 2512 and 2513 of the Code of 1896.
They are as follows: (2498.) "The court of county com-
missioners of each county is invested with authority to
establish toll-bridges, free bridges, causeways and fer-
ries within their respective jurisdictions, as hereinafter
provided, and may levy a special tax to build such
bridges and causeways, when, in the opinion of such
court, the public good requires it."

(2512.) " When a bridge or causeway has been erect-
ed by contract with the county commissioners, with a
guaranty, by bond or otherwise, that it shall continue
safe for the passage of travelers and other persons for a
stipulated time, any person injured, in person or prop-
erty, before the expiration of such period, by a defect in
such bridge or causeway, may sue in his own name on
the bond or other guaranty, and recover damages for the
injury; and if no guaranty has been taken, or the period
has expired, may sue and recover damages of the coun-
ty."

(2513.) "When any bridge has been erected by con-
tract with the county commissioners, with guaranty, by
bond or otherwise, to stand for a stipulated period, and
is, during such period, washed away, or so damaged as
to become unsafe to the public, the court of county com-
missioners shall, upon the fact being made known to
them by any freeholder of .the county, notify the con-
tractor to rebuild such bridge, if it be washed away, or
repair it, if damaged; and in case of his refusal or ne-
glect to do so in a reasonable time (to be judged of by
the court), shall order suit to be brought in the name
of the county on such bond."

There is no statute limiting the discretion of the com-
missioners' court in the establishment of bridges in the
county to public highways, nor does any statute pre-
scribe the manner or proceeding by which the court ac-

quires jurisdiction of the subject matter of erecting
bridges. This court is invested with peculiar powers,
both legislative and judicial, and exercises a wide dis-
cretion for the public convenience. If a stream should
divide a thickly settled community, or intervene between
two adjacent cities separated by a stream, and the com-
missioners' court, in the exercise of the discretion vested
in it, in the matter of establishing bridges, should by
contract, for the convenience of the people and to facili-
tate travel, erect a bridge over a stream, there being no
objection on the part of the owners of the property to be
affected by the bridge, we find nothing in the statute to
prevent the exercise of such discretion. Section 957
confers original jurisdiction in the matter of establish-
ing bridges, to be enforced in conformity to the provi-
sions of the Code, and sec. 2498 invests them with such
authority when in the opinion of such court the public
good requires it. How is this opinion to be reviewed
by any court, when there is no authority given to re-
view it? The law has been well stated in the matter of
public roads, after the court has acquired jurisdiction,
in the case of *Comissioners' Court v. Bowie,* 34 Ala. 461,
464. It is said upon the question of the expediency of
opening or altering a public road, that court exercises a
*quasi* legislative authority, and its decision is not re-
visable. In the exercise of that authority, it is guided to
some extent by its knowledge of the geography of the
county, the wants and wishes of the people, and the
ability of the neighborhood to keep the road in repair.
* * The court acts upon its convictions of expediency
and policy." We are of opinion this is the law as to
bridges, untrammeled by any statutory provision to
confer jurisdiction. Our conclusion is, the court erred
in the charge given to the jury, and that under the evi-
dence the plaintiff was entitled to the affirmative
charge.

    Reversed and remanded.