[Pickens County v. Greene County.]

# Pickens County *v.* Greene County.

*Assumpsit.*

(Decided April 4, 1911.  54 South. 998.)

1. *Counties; Bridges Between; Expense; Necessity.*—Construing sections 3024, 3025 and 5765, Code 1907, it is held that the court of county commissioners of one county cannot hold another county liable for the expenses of erecting a bridge on the line of the two counties without the concurrence of the board of county commissioners of such county; for a bridge becomes a necessity within the meaning of these statutes only when it has been declared so by the concurring judgment of the commissioners of both counties.

2. *Bridges; Highway.*—A public bridge is a part of the public road on which it is located.

APPEAL from Greene Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by Pickens County against Greene County to recover for part of the price of a bridge constructed by Pickens County on a public road over a stream forming the dividing line between the counties. Judgment for the defendant and plaintiff appeals. Affirmed.

PATTON & PATTON, for appellant. The statute provides that whenever a bridge is necessary on the line between two counties it must be built at the joint expense of the counties in proportion to the amount of taxable property in each.—Sec. 3025, Code 1907; *Washer v. Bullitt County,* 101 U. S. 558; 2 A. & E. Enc. of Law, 555; Dillon Munic. Corp., article 938. Under the complaint Greene County cannot deny the necessity for the bridge.—*Commissioners v. Commissioners,* 25 Am. Rep. 457. Having accepted the former bridge by using same and keeping up a public road connecting with each end of the same the two counties are jointly bound to repair the same even to the building of a new bridge.—

152 Ill. 197; 142 N. Y. 271. The liability has become absolute and may be enforced like any other indebtedness. —5 Cyc. 1063. Where two counties differ upon the question of expedience, and the court of one refuses to act, the circuit court becomes the arbiter between them.—73 Ky. 208.

McKINLEY, McQUEEN & HAWKINS, and OLIVER, VERNER & RICE, for appellee. Before a bridge over a boundary stream between two counties can be built "at joint expense," the commissioners courts of *both* counties must find the bridge "necessary"; one county can not act alone, and then enforce contribution from the other. —Code, § 3025; *Garrard County Court v. Boyle County,* 73 Ky. 208; *Askew v. Hale County,* 54 Ala. 539 (641); *Barks v. Jefferson County,* 119 Ala. 600; *Commissioners Court v. Bowie,* 34 Ala. 461; *Commissioners Court v. Moore,* 53 Ala. 25; *Browning v. Board of Comrs.,* 44 Ind. 11; *McPeeters v. Blankenship* (N. Car.) 31 S. E. Rep. 876; *Jefferson County v. St. Louis County,* 21 S. W. Rep. 217; *State v. Freeholders of Essex,* 23 N. J. Law, 214. The jurisdiction of the Commissioners Courts is judicial, legislative and discretionary, so far as roads and bridges are concerned, and no court can revise or control its action. No appeal will lie from its decision in such matters, nor can its action in the premises be collaterally attacked.—*Commissioners Court v. Moore,* 53 Ala. 25; *Commissioners Court v. Bowie,* 34 Ala.; *Barks v. Jefferson County,* 119 Ala. 600; *Gibson v. State* (Miss.), 7 So. Rep. 21; *McGoon v. Scales,* 9 Wall. 23, 32; 19 Law. ed. 547. The appellant, if the building of such bridge were a mere ministerial duty to be performed by the commissioners court of Greene—mistook its remedy. It should have compelled it, by mandamous, to join the making of the contract.—*State v. Freeholders of Essex,* 23 N. J.

Law, 214; *McPeeters v. Blankenship,* 31 S. E. Rep. 876. The Code leaves it discretionary with the commissioners whether they will build a bridge or causeway or establish a ferry.—See authorities under propositions 1 and 2. It was necessary for the complaint to aver that the "work was too great to be done by the overseers," before the appellee would be liable in this case.—Code, sec. 3025.

SAYRE, J.—Section 3025 of the Code provides that: "Whenever a bridge, ferry, or causeway is necessary on the line between two counties, and the work is too great to be done by the overseers, and is not established as hereinafter provided, the same must be built at the joint expense of such counties, in proportion to the amount of taxable property in each." The phrase "and is not established as hereinafter provided," occurring in this section, refers to ferries, bridges, and causeways established for toll by private persons under the authority of the court of county commissioners, and may be laid out of view, since the record presents no such case. The facts are that, a public bridge which spanned the Sipsey river between the counties of Greene and Pickens having fallen into decay, the court of county commissioners of Greene determined that its rebuilding was unnecessary, refused to join the commissioners of Pickens county in rebuilding, and, after the last-named commissioners, proceeding upon their own judgment of the necessities of the case, had rebuilt the bridge, refused to pay any part of the expense thereby incurred. The predicate of the complaint is that on these facts the county of Greene is responsible for its pro rata share of the cost of the bridge under the section quoted.

The judge of the circuit court held with the county of Greene, and our opinion is that his ruling was correct.

This is the result of our statutes and of decisions heretofore made. The court of county commissioners exercises authority as an auxiliary of the state for the administration of civil government. It is invested with a general superintendence of the public roads within the county, and may establish new, and change and discontinue old roads. It is their duty to improve and maintain the public roads, bridges, and ferries of the county, so as to render travel over the same as safe and convenient as practicable. To these ends, it is given legislative, judicial, and executive powers. Code § 5765.

A public bridge is nothing but a part of a public road. The court of county commissioners "have the same powers and shall perform the same duties, when necessary or requisite, as to establishing and maintaining bridges, causeways, and ferries, or improving the same, as they have or perform with reference to the public roads." Code, § 3024. Our decisions leaves no room to doubt the court of county commissioners in respect to the establishment, change, or discontinuance of roads, bridges, causeways, and ferries within its county exercises for the people of the county a legislative, and hence a discretionary power in which it is not to be guided alone by evidence produced according to legal rules, but as well by its own knowledge of the geography of the county, the convenience and necessities of the people, and their ability to meet the expenditures involved. "No other tribunal can intervene to revise or control its action." *Commissioners' Court v. Bowie,* 34 Ala. 461; *Commissioners' Court v. Moore,* 53 Ala. 25; *Askew v. Hale County,* 54 Ala. 639, 25 Am. Rep. 730; *Barks v. Jefferson County,* 119 Ala. 600, 24 South. 505. There is nothing in these decisions to indicate that the court had in mind the peculiar provisions of section 3025, but the principle announced is of unquestionable soundness, and must con-

clude the inquiry at hand against the appellant's contention, unless it may be said that the commissioners of one county may impose their will upon the commissioners of another in matters falling within the purview of the section. But that construction of the statute would lead to some surprising results—results so at variance with the spirit of our institutions that it may well be doubted that the Legislature had the power, if it had the purpose, to bring them about. Certainly nothing short of an unequivocal legislative declaration could induce us to believe that the Legislature intended to permit the commissioners of one county to control the revenues of another on the judgment of one that the interests of both will be subserved. The auxiliary governmental powers of the courts of county commissioners are limited, local and delegated to the end that local affairs may be managed by local authorities.—*Dunn v. Court of County Revenues of Wilcox*, 85 Ala. 144, 4 South. 661. There is nothing in the language of this section or elsewhere to indicate that a departure from this principle has been intended. The section makes it the duty of the commissioners' court to co-operate with the commissioners' court of an adjoining county for the building of bridges, ferries, or causeways on the county line whenever such improvements are necessary, but is silent as to the location of the authority from which the judgment of necessity shall proceed. When read in connection with statutes in pari materia, and in the light of the general scheme for local government through county organizations, it seems to be entirely clear that this section contemplates the concurrence of the judgments of the commissioners' courts of the two counties interested, and that neither can act independently of the other. We are of opinion, therefore, that a bridge over a stream dividing two counties becomes necessary within the meaning

[Nashville, Chattanooga & St. Louis Ry. v. Wood.]

of section 3025 only when it has been declared by the concurring judgment of the commissioners' courts of both counties to be necessary and the work too great to be done by the overseers, after which the effect of the statute is to fix the proportions in which the expenses involved shall be borne.—*Garrard County Court v. Boyle County Court*, 10 Bush (Ky.) 205; *Jefferson County v. St. Louis County*, 113 Mo. 619, 61 S. W. 217; *Town of Dimmick v. Town of Waltham*, 100 Ill. 631; *Brown v. Commissioners of Merrick County*, 18 Neb. 355, 25 N. W. 356.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.