[Harbison v. Campbell.]

# Harbison v. Campbell.

### Bill to Enjoin Obstruction of Public Road.

(Decided May 30, 1912.  59 South. 207.)

1. *Pleading; Facts; Evidence.*—Pleading should state the facts on which a party relies, but it is not necessary to plead the evidence to establish these facts.

2. *Highways; Obstruction; Injunction; Venue.*—Where the bill to enjoin obstruction of a public road alleges complainant's ownership of land in Cullman county through which the road runs, it sufficiently showed the location of the road in such county.

3. *Same; Sufficiency of Bill.*—Where the bill alleged not only that the road was a public one, but stated how and when it was established by the court of county commissioners, and also that it was opened up and used as a public road, thus excluding all idea of the permissive use, it sufficiently alleged the existence of a public road, notwithstanding it did not plead matters of evidence showing the jurisdiction of the commissioner's court to establish it.

4. *Same; Injunction; Grounds.*—One who plows up a road and sows it in oats, and threatens to prosecute those who travel over it, is subject to be enjoined.

5. *Same; Abandonment; Non User.*—Short of the time of prescription non user does not operate as a discontinuance of a public road, nor does the fact that there has been a delay in opening a public road have that effect.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. H. Harbison against N. J. Campbell to enjoin the obstruction of a public road. From a decree sustaining demurrer to the bill and dissolving the injunction, complainant appeals. Reversed and rendered.

F. E. ST. JOHN, for appellant. The bill sufficiently showed an injury to complainant special and peculiar and different from that suffered by the public generally.—*Jones v. Bright*, 140 Ala. 268; *Roberts v. Matthews*, 137 Ala. 523; *Cabbell v. Williams*, 127 Ala. 327; *Sloss-Sheffield Co. v. Johnson*, 147 Ala. 384. The bill

sufficiently showed the establishment of the road as a public road, and its location within the county.—*Comm. Ct. v. Brewer,* 34 Ala. 461; *Barks v. Jefferson County,* 119 Ala. 603; sec. 7744, Code 1907. The bill sufficiently showed an obstruction of a public highway in such a sense as authorized the injunction.—*First Nat. Bank v. Tyson,* 144 Ala. 457; *Hoole v. Atty. Gen.,* 22 Ala. 90. The court erred in sustaining the demurrers and dissolving the injunction.—*Trump v. McDonald,* 122 Ala. 256; *Harrison v. Yerby,* 87 Ala.185.

J. B. Brown, for appellee. A bill must show complainant's claim or title to relief with accuracy and clearness.—*Walker v. Allen,* 72 Ala. 459; *Duckworth v. Duckworth,* 34 Ala. 70. Where a proceeding is relied on as establishing the public road so much of the proceedings as are necessary to show the jurisdictional facts must be stated.—*Lange v. Hammer,* 157 Ala. 325; 16 Cyc. 227. Jurisdiction of the Commissioner's Court must affirmatively appear of record.—*Comm. Ct. v. Hearn,* 59 Ala. 371; *Joiner v. Winston,* 68 Ala. 129; *Henry v. Combs,* 66 Ala. 382; *Thompson's Case,* 15 Ala. 134. The three essential facts are not shown.—Authorities supra. The averments of the bill were not sufficient and the court properly sustained the demurrer and dissolved and injunction.—*Walker v. Allen, supra; Jones v. Bright,* 140 Ala. 271; *McHan v. McMurray,* 55 South. 794. The injunction should have been dissolved on the denials in the answer.—*Johnson v. Howze,* 154 Ala. 494; *Long v. Shepherd,* 159 Ala. 595. Counsel discuss the order establishing the road at length, with citation of authority, but it is not deemed necessary to here set them out.

SIMPSON, J.—The bill in this cause is filed by the appellant, seeking to enjoin the obstruction of a public

road. After alleging complainant's ownership of lands, the third section of the bill alleges that on February 18, 1908, the court of county commissioners of Cullman county made an order establishing the public road in question, describing it, attaching a copy of the order as "Exhibit A," and alleges that "said road was opened up in pursuance of said order and has been in continuous use by the public as a public road ever since. The same was obstructed by the defendant as hereinafter set out." After alleging that said road runs through the lands of complainant and defendant, the bill states that "the said road is the only means or way of ingress or egress to and from the lands of complainant to and from said Cullman and Jasper road; that complainant lives and resides on or near the said Cullman and Jasper road about three miles west from the said described lands on other lands owned by the complainant, and, in order to get to the said above-described lands of complainant from complainant's home, it is necessary for complainant to travel said public road across the lands of the defendant from the Cullman and Jasper road; there being no other road leading from complainant's home to his said lands." It is then alleged "that some time during the month of February, 1911, the said defendant obstructed and closed up said public road where the same runs across his said lands, and has sowed same in oats, and has given the complainant notice not to trespass upon or enter upon or travel the same, and threatens to prosecute complainant for so doing, and, by reason of the defendant closing up said road and refusing to permit the complainant to travel the same, complainant is prevented from cultivating his said lands, or in any way enjoying the use and profits of the same," going on to give details of his preparation to make crops, etc.

The exhibit contains the order of the commissioners' court, reciting that "Robert Campbell and others heretofore appointed by an order of this court to view and mark out" said road have reported in conformity with law, recommending that the road be opened, reciting, also, the 30 days' notice of the application, according to the statute, also that "proper notice was served and returned by the sheriff to the owner of each tract of land over which the road has been worked," proceeds to order the road opened up, and appoints J. B. W. as overseer of said road. A temporary writ of injunction was issued, and was afterwards dissolved on affidavits and the coming in of the answer, and the court sustained the demurrer to the bill. The assignments of error relate to the sustaining of the demurrer to the bill and dissolving the injunction.

The answer denies that the road in question ever became a legally established road, admits that there were proceedings looking to that end in the commissioners' court, and makes as an exhibit copies of all proceedings, alleging that at the time of said proceedings the land now owned by respondent was owned by one George Harbison, that said road was never opened or cut across the said lands, has never been used, traveled, or maintained as a public road, that at the time of the respondent's purchase there was no visible evidence of such a road. It also claims that the proceedings in the commissioners' court are void, because, first, the viewers failed to assess any damages in favor of any landowners except one (William Elkins) ; second, after the report of the viewers, no order was made appointing a day to hear objections; third, no notice was served on any landowner except Elkins; and, fourth, no compensation was made to George Harbison. Said answer denies that there is any such public road across his

lands, but states that he has a private road, located differently, which he permits complainant to use. It denies that respondent ever obstructed any such public road, or warned the complainant not to travel such road, but the entire answer shows that these statements are made on the theory that there is no such road, and that he was simply warning complainant not to trespass on his crops, states that his private road is just as convenient to complainant "as the route which he persists in taking." It is evident that the answer does not, in terms, deny the facts alleged in the complaint, but is carefully worded so as to present the legal proposition whether there is a legally established road at the place alleged in the complaint, and whether, if there is such a road, it has been obstructed, within the meaning of the law.

The proceedings of the commissioners' court (made an exhibit to the answer) show (1) a petition in writing by Robert Campbell for the establishment of the road; (2) said petition and the order of the court show that the road is in Cullman county: (3) the court appointed the viewers according to law. The viewers were sworn according to law. The viewers made their report, and the court made the usual order for notice to the landowners of the amount of compensation. The report, etc., had at the end a form of a relinquishment of claim of compensation to be signed by the landowners, but did not seem to be signed by any one but Elkins. Then follows the order of the court, made "Exhibit A" to the bill.

The complainant introduced a number of affidavits, to the effect that the landholders along the road had released their claim for damages on account of the road's taking a part of their lands; that the road had been regularly opened, and had been kept up by the road

overseer and road hands (except a stretch of 2½ or 3 miles, according to some of the witnesses, which had not been worked), but had been continually traveled by the public, and that the defendant had planted and was raising a crop of oats over a portion of the road. One of the affidavits is signed by G. W. Harbison, who owned the lands now owned by the defendant, when the proceedings were had to open up the road, and he states that said road was opened up to the public in 1908, and was continually used by the public as a public road until the spring of 1911 when defendant obstructed it, by having it plowed up and sowed in oats, that witness signed the petition for the road, and gave the right of way through the land now owned by defendant. All of the affiants agree that the road is an important one, and several give facts showing that it is essential to the complainant.

Respondent filed a number of affidavits (among them one by G. W. Harbison) to the effect that no notice was served on affiants that the road was to be opened through his premises, that said road was opened up in 1908, for a distance of six miles, which part has been worked and used ever since, leaving four miles which was never cut out, opened up, worked, traveled, used, or recognized as a public road, and which is filled up with native forest trees and underbrush; that the private road of defendant intersects the right of way of the established road several times, and runs along said right of way for a short distance; that all that was done west of the Rivers place, two miles east of defendant's place, was to trim out the little underbrush along the proposed road, no timber of any size being cut, and that the underbrush has now grown up, and that "said private road is the road in controversy between J. H. Harbison and J. N. Campbell." The affidavits are iden-

tical in wording and form. The case was submitted on the demurrer to the bill, and on motion to dissolve the injunction, and the chancellor, holding that the establishment of the road is sufficiently shown, but that the bill does not show any obstruction of which the complainant can complain, sustained the demurrer to the bill, and dissolved the injunction.

On the question of sustaining the demurrer to the bill, the appellee insists, first, that even if the ground taken by the chancellor, to wit, that the averments do not show an obstruction of the road, be not sustained, yet the bill is demurrable on the ground that the averments of the bill are not sufficient to show the existence of a public road.

It is a cardinal rule of pleading "that the facts on which the rights of the parties depend shall be alleged, and it is unnecessary to allege the evidence that establishes these facts."—*Bishop's Heirs v. Bishop's Adm'r et al.,* 13 Ala. 475, 487. The remarks referred to in *Lange v. Hammer,* 157 Ala. 322, 47 South. 724, had reference to a plea of res judicata, and even as to that do not require all the proceedings to be set out.

The second section of the bill alleges that complainant is the owner of certain described lands in Cullman county, Alabama, and the fourth section describes the road as running across said lands. This disposes of the objection that it is not shown that the road is in Cullman county.

The third section of the bill alleges that the commissioners' court of Cullman county had made an order establishing said public road, and attaches as an exhibit the order of the said court by which said public road was established. Said order shows the report of the viewers theretofore appointed, recites the facts showing that notice was given according to law, that

proper notice was served on the landowners, and proceeds to order that said road be opened as a public road "in this county," and appoints an overseer to open up said road. While it is true that the commissioners' court is one of limited jurisdiction, and in a direct proceeding all of the jurisdictional facts must be shown in evidence, in order to sustain its action, yet that does not mean that all of these matters of evidence must be set out in the pleading.

The case of *Walker v. Allen,* 72 Ala. 456, does not militate against this position. The allegation in that case was merely that the stream in Jackson county "is a navigable river," and that complainant had used it for floating logs for 18 months. The reasoning of the court is that the court judicially knows that there is no tidal stream in Jackson county, and the streams there are prima facie not navigable, also that the fact of one person's using it for 18 months in floating logs did not show that it was a navigable stream. It is true that this court remarked, in passing, basing the remark on the *Walker-Allen Case*: "The bill alleges that the road   *   *   *   is a public road, which confessedly is a mere conclusion of the pleader, and would doubtless be subject to demurrer, the other facts averred being wholly insufficient to show that such is its character, the presumption being that its use was permissive."—*Jones v. Bright,* 140 Ala. 271, 37 South. 79.

In the present case the pleader was not satisfied merely to allege that the road is a public road, but shows distinctly how and when it was established by the known legal authority, that it had been opened up and used as a public road, and it excludes all idea of a permissive use. The allegations of the bill are sufficient to show the existence of a public road, and the bill was not demurrable on that point. In addition to

what has been said, "any order of the court of county commissioners, by which a road is recognized as a public road is presumptive evidence thereof."—Code, § 7744; *Oliver v. Loftin,* 4 Ala. 240, 242; *Barks v. Jefferson Co.,* 119 Ala. 603, 24 South. 505.

The next question is, Do the allegations of the bill show an obstruction of said public road, to wit, "the said defendant obstructed and closed up said road where the same runs across his lands, and has sowed the same in oats, and has given the complainant notice not to trespass upon or enter upon or travel the same, and threatens to prosecute complainant for so doing? A public highway "cannot be used in a manner foreign to its dedication and any encroachment thereon, or use thereof which is inconsistent with such purpose, will constitute a nuisance which may be enjoined."—Joyce on Nuisances, § 213, p. 261; section 214, p. 263; 2 Elliott on Roads & Streets (3d Ed.) §§ 832, 833, pp. 259-261. "The obstruction or encroachment may consist in anything which renders the highway less commodious." —37 Cyc. 247; *State v. Mayor, etc., of Mobile,* 5 Port. 279, 311, 312, 30 Am. Dec. 564; *Pratt v. Inhabitants of Cohasset,* 177 Mass. 488, 59 N. E. 79. "Anything that worketh hurt, inconvenience, or damage is a nuisance," acording to Blackstone.—*Baldwin v. Ensign,* 49 Conn. 113, 44 Am. Rep. 207. To plow up a road and sow it in grain would certainly render it less commodious for the public, and, when the grain is grown up, would render it well-nigh impassable for vehicles, and, when such obstruction is accompanied with threats of prosecution to those who travel over it, we think it a proper subject for injunctive relief.

It results that the court erred in sustaining the demurrer to the bill.

As before stated, we do not understand the answer to deny the facts stated in the bill, but merely as raising the legal point that the place in question is not a public road. All of the affidavits show that as a matter of fact the defendant is obstructing the road as it was laid out and opened up by the commissioners' court.

Nonuser short of the time of prescription does not operate as a discontinuance of a public road, nor does the fact that there has been a delay in opening up a public road have that effect.—37 Cyc. 195, 197. 1 Elliott on Roads & Streets (3d Ed.) § 439, p. 492. It is evident, also, that those parts of the affidavits which seek to show that the road was not fully opened up, because standing timber was allowed to remain, and underbrush, after being removed, permitted to grow up, cannot refer to the part of the road in question, which is through an open field. The answer, the exhibits, and the affidavits show the three jurisdictional requirements, "an application to the court, thirty days' notice of the application, * * * and that the road is located in Cullman county" (*Commissioners' Court v. Bowie,* 34 Ala. 463), and that the road has been established by law.

The court erred, also, in dissolving the injunction.

The decree of the court is reversed, and a decree will be here rendered overruling the demurrer to the bill and reinstating the injunction.

Reversed and rendered. All the Justices concur, except DOWDELL, C. J., not sitting.