The Industrial Development Board of the City of Dothan (Development Board), James D. Russell, Jr., and MRW, Inc., are plaintiffs-appellees in this case, and J.L. Floyd is the defendant-appellant.
The facts indicate that sometime in 1971 or 1972, the New Beverlye Road was constructed. It commenced at Alabama Highway 52, in Dothan, and ran from there in a southerly direction. (See Appendix A.[1]) *Page 928 
At the time New Beverlye Road was built, Beverlye Road, an unpaved road, intersected Highway 52 some distance to the east, and ran from there in a southwesterly direction. (See Appendix A.) All parties agree that prior to 1971 or 1972, Beverlye Road was a public road.
In May of 1972, the Highway Department of the State of Alabama purchased land abutting the east side of Beverlye Road. (See Appendix A.) Although the deed defined the property's western boundary as "Old Kinsey Road," this name was synonymous with Beverlye Road. By deeds dated January 1974, appellant Floyd was conveyed property abutting Beverlye Road. The deeds define the boundaries of appellant's property in a metes and bounds description by reference to the sides of Beverlye Road. The deeds, however, explicitly exclude the right-of-way for Beverlye Road.
The highway department was issued, in February 1974, a building permit by the City of Dothan for the construction of the state highway department building on property fronted by Beverlye Road. In March of the same year, appellant Floyd granted the highway department permission by a letter to "alter the intersection at Old Beverlye Road and Alabama No. 52 east in Dothan." When the highway department altered this intersection, a portion of Beverlye Road was paved as a part of the access road to the state highway department complex. (See cross-hatching as indicated in Appendix A.)
The highway department is a complex and access to the complex is gained by traveling along the paved road which includes stretches of Beverlye Road that were formerly unpaved. On October 24, 1977, the Houston County Commission formally recognized that only the portion of Beverlye Road below the highway department property, i.e., that portion below the fence indicated in Appendix A, which remains unpaved, was abandoned, thereby leaving the paved portion of Beverlye Road as a cul-de-sac leading from Highway 52 to appellees' property.
There is testimony to the effect that appellee Russell and the public have used the paved portion of Beverlye Road since at least 1977, to gain access to property purchased by Russell. Tenants who farm the abutting property have likewise used the paved portions of Beverlye Road.
In 1982, appellee MRW started construction of a warehouse on property in the Sam Houston Industrial Park which it had purchased from appellee Russell. Because of the increased traffic on Beverlye Road, appellant posted signs and barricaded the road in the summer of 1982. Consequently, plaintiffs sought to enjoin Floyd from obstructing access to and from the industrial park by way of Beverlye Road. The trial court, following a hearing, granted the preliminary injunction, whereupon Floyd filed his answer and counterclaim. In a motion for summary judgment, the plaintiffs stated that there was:
 ". . . [N]o genuine issue as to any material fact that the Old Beverlye Road, which intersects defendant's property, is a public right-of-way and has never been abandoned; and, therefore, plaintiffs are entitled to judgment as a matter of law on Count 1 and Count 2 of the counterclaim as appears from the testimony and documents presented at the hearing on motion for preliminary injunction held August 30, 1982."
The trial court granted summary judgment and dismissed counts 1 and 2 of Floyd's counterclaim. Floyd then filed a motion to dissolve the injunction, and also a motion that was styled as a motion to reconsider, vacate or set aside the summary judgment. The court denied both motions on May 2, 1983. Floyd filed a timely notice of appeal on May 13, 1983. See Code 1975, §12-22-6; Rule 4 (a)(1), Ala.R.App.P.
 I
We first address Floyd's contention that the trial court erred in refusing to dissolve the preliminary injunction.
Floyd asserts that the road to which the injunction applies is what was once known as "old" Beverlye Road, but that the road *Page 929 
was built on new and different land belonging to him and the highway department and is only an access road to the state highway department complex. He states that what was once known as Beverlye Road is now his backyard, with a lawn covering it, and that the balance of Beverlye Road is not, and has not been, used by the public as a road since 1971 or 1972. Floyd contends, therefore, that Beverlye Road was abandoned and the title of the roadbed reverted to the landowners abutting the road when New Beverlye Road (See Appendix A) was opened for public use.
A public road may be abandoned and thus lose its public character in one of several ways. One example is nonuser for a period of twenty years which will operate as a discontinuance of a public road. See Harbison v. Campbell, 178 Ala. 243, 252,59 So. 207, 210 (1912). Likewise, an abandonment of a public road may be effected by a formal, statutory action. See Code 1975, §§ 23-4-1 through 23-4-6. There is also authority for the proposition that the construction of a new highway replacing an old road may, under the right circumstances and after an appropriate length of time, result in an abandonment of the old road. See 39A C.J.S. Highways, § 134 (1976). In the case ofPurvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954), this Court alluded to this last proposition:
 "In Harbison v. Campbell, 178 Ala. 243, 59 So. 207, it was said that nonuser short of the time of prescription does not operate as a discontinuance of a public road. We have not rested our conclusion here on that statement for here, unlike the Harbison case, supra, there has been a substitution of one road for another and there is respectable authority for the proposition that when such is the case there can be abandonment by non-use for a period short of the time of prescription. But we leave a decision of that question to await a case where such a decision is necessary." (Emphasis added.)
We hold that the trial court did not err in denying Floyd's motion to dissolve the preliminary injunction. The applicable rule in this instance is found in § 6-6-501, to-wit: "A motion to dissolve will lie to the granting of a preliminary injunction only for matters subsequently occurring." (Emphasis added.) Thus, when a preliminary injunction has been issued after a full hearing on the matter, as in this case, a motion to dissolve is inappropriate unless circumstances have changed since the granting of the preliminary injunction so as to warrant a reconsideration of the merits. See Berman v.Wreck-A-Pair Bldg. Co., 234 Ala. 293, 296, 175 So. 269, 272
(1937).
In response to the Board's complaint seeking a preliminary injunction, Floyd filed a motion to dismiss raising numerous grounds opposing the granting of a preliminary injunction. On August 30, 1982, after a full hearing on the request for a preliminary injunction, which included the taking of testimony, the trial court issued a preliminary injunction barring Floyd from obstructing Beverlye Road. On April 29, 1983, Floyd filed his motion to dissolve the injunction which essentially restated the grounds raised in his motion to dismiss filed prior to the hearing on the preliminary injunction. In fact, paragraphs 4, 5 and 6 of Floyd's motion to dissolve the injunction are verbatim with paragraphs 2, 3, and 4 of his motion to dismiss. The remaining paragraphs of the motion to dissolve the injunction merely restate Floyd's legal theories and raise no matters which occurred subsequent to the granting of the preliminary injunction. We find no error in the refusal of the trial court to dissolve the preliminary injunction.
 II
We now discuss Floyd's argument that the trial court erroneously granted the plaintiffs' motion for summary judgment. Floyd contends that this Court should adopt the rule of law that nonuser of a public way for a period of less than twenty years can constitute an abandonment, and *Page 930 
that he is entitled to a trial on the question of abandonment in this case.
The plaintiffs contend the Houston County Commission formally recognized that portion of Beverlye Road which remained unpaved to be abandoned, but claims that this fact does not constitute an abandonment of the portion of Beverlye Road still in use,i.e., the paved portion, even though the paved portion is now a cul-de-sac. See 39A C.J.S. Highways, § 131 at 850 (1976);Purvis v. Busey, supra. The right-of-way agent for the City of Dothan indicated that a map prepared by the United States Department of the Interior in 1969, and updated in 1981, shows the existence of both New Beverlye Road and "old" Beverlye Road. Also, the plaintiffs contend that the evidence is undisputed that the City of Dothan continues to maintain a waterline in the right-of-way of "old" Beverlye Road. In short, the plaintiffs contend that there was no abandonment as a matter of law.
On the other hand, Floyd contends that much of the "old" Beverlye Road is now covered with grass, is cultivated or is otherwise not being used as a public road. Floyd also contends that he granted permission only to the state highway department for a right-of-way to the highway department complex and that new Beverlye Road was constructed to replace "old" Beverlye Road. We are of the opinion that there is a material fact whether there was an abandonment of the "old" Beverlye Road in this case.
Because we adopt the rule of law that "there can be abandonment by nonuse for a period short of the time of prescription," we hold that a genuine issue of material fact exists in this case, and that granting of summary judgment was inappropriate, but at trial, Floyd will have the burden of showing abandonment by clear and convincing evidence. Purvis v.Busey, supra.
 III
We conclude that the judgment granting a preliminary injunction is due to be affirmed, but that the granting of summary judgment is due to be reversed and the case remanded.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 931 
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 932 
[1] Appendix A is not drawn to scale and is merely intended to aid the reader's understanding of the facts of this case.