Edwin H. Auerbach and Elva Auerbach appeal from the trial court's judgment that a rural Montgomery County road running over land owned by Richard Parker to land owned by the Auerbachs is not a public road and that the Auerbachs have not acquired an easement by prescription for the road's use.
The old "farm market wagon road" at issue, which appears on a 1901 map, connects Hillabee Road with Mount Zion Road in rural Montgomery County and was used by families in the early 1900's to reach Mount Zion Road without traveling the two to three miles necessary to otherwise reach Mount Zion Road from Hillabee Road. In 1938, the Auerbachs purchased land behind land owned by Parker's predecessor in title (Mrs. F.M. Gibson) and began using the road to reach their property. The road ran over the Gibson property and beside the Gibson home before reaching the Auerbach property and eventually joining Mount Zion Road. Over a number of years, however, the Auerbachs purchased all of the property behind the Gibson property, so that only the Gibson property and the Auerbach property were served by the road.
The record indicates that the Auerbachs traveled to their property to hunt, ride horseback, pick flowers, and tend to their fruit trees and that in doing so they used the road to come and go to their house, without seeking permission from Mrs. Gibson; in fact, testimony indicates that the Auerbachs frequently stopped to visit with Mrs. Gibson, and that no one seeking access to the Auerbach property (either family members or employees) requested permission from Mrs. Gibson before using the road. Further, the Auerbachs used the road to bring equipment onto their property to cut and bail hay, as the record indicated that a "boggy bottom" prevented the equipment from reaching the hay field when brought in from Mount Zion Road.
Both the Auerbachs and Mrs. Gibson erected barriers on the road: Mrs. Gibson erected a "gap" across the road near her home to control her cattle, and the Auerbachs erected a locked gate at their property line. Although the testimony is disputed as to whether Mrs. Gibson controlled access to the road, a gate over the "gap" was never locked, and the Auerbachs, when driving to their property, would open it, drive through, and close it behind them. *Page 945 
But after purchasing the remaining property behind the Gibson home in 1957, the Auerbachs were the only family other than the Gibsons (Mrs. Gibson and her husband) to use the road. The record reflects that the completion of Mount Lebanon Road to Hillabee Road alleviated the need to travel the Gibson-Auerbach road to reach Mount Zion Road; the county stopped maintaining the road, and by 1967 it no longer appeared on a map of the area.
After Mrs. Gibson's death in 1984, Parker (who inherited the property) erected a gate over the road to protect the Gibson home from theft, and the record indicates that he gave the Auerbachs a key to gain access to the road. A dispute arose between Parker and the Auerbachs as to the number of people given access to the road by the Auerbachs, and Parker placed a second lock on that gate. Testimony reflects that Parker was willing to unlock the gate upon notice from the Auerbachs that they required access to the road, but the Auerbachs testified that such an arrangement was not feasible for hay farming. The Auerbachs filed their lawsuit on May 12, 1987, seeking the declaration of a prescriptive easement for the use of the road.
The issues on appeal are whether the trial court erred in declaring the road to be a private road and in denying the Auerbachs a prescriptive easement to use the road across Parker's property. The trial court's judgment, being based on ore tenus testimony, will not be disturbed on appeal unless it is unsupported by the evidence or is palpably wrong. This Court, therefore, "will indulge all favorable presumptions to sustain that court's conclusion, and it will be disturbed on appeal only if shown to be plainly erroneous or manifestly unjust." CRW, Inc. v. Twin Lakes Property Owners Ass'n, Inc.,521 So.2d 939, 941 (Ala. 1988). (Citations omitted.)
The threshold issue is whether the trial court erred in declaring the road to be private. A public way or road is established in one of three ways: first, by a regular proceeding for that purpose; second, by a dedication of the road by the owner of the land it crosses and subsequent acceptance by the proper authorities; or, third, by virtue of its being generally used by the public for 20 years. CRW, Inc.v. Twin Lakes Property Owners Ass'n, Inc., 521 So.2d at 941. The record is replete with evidence that the Gibson-Auerbach road was used by the public to reach Mount Zion Road from Hillabee Road for more than 20 years, that it was travelled by families who lived on the road beyond the Gibson property, and that it was mapped as a public highway. Thus, the Gibson-Auerbach road was public; in order for the trial court to hold that the road is now private, it must have found that the road had been abandoned.
The parties agree in their briefs that the road was a public road as it appeared on the 1901 map; the Auerbachs contend that the road remains a public road today, but Parker contends that the road was abandoned and is now private. A public road may be abandoned and thus lose its public character in one of several ways:
 "One example is nonuser for a period of twenty years which will operate as a discontinuance of a public road. See Harbison v. Campbell, 178 Ala. 243, 252, 59 So. 207, 210 (1912). Likewise, an abandonment of a public road may be effected by a formal, statutory action. See Code 1975, §§ 23-4-1
through 23-4-6. There is also authority for the proposition that the construction of a new highway replacing an old road may, under the right circumstances and after an appropriate length of time, result in an abandonment of the old road. See 39A C.J.S. Highways, § 134 (1976). In the case of Purvis v. Busey, 260 Ala. 373, 71 So.2d 18
(1954), this Court alluded to this last proposition:
 " 'In Harbison v. Campbell, 178 Ala. 243, 59 So. 207, it was said that nonuser short of the time of prescription does not operate as a discontinuance of a public road. We have not rested our conclusion here on that statement for here, unlike the Harbison case, supra, there has been a substitution of one road for another and there is respectable authority for the proposition that *Page 946 when such is the case there can be abandonment by nonuse for a period short of the time of prescription. But we leave a decision of that question to await a case where such a decision is necessary.' (Emphasis added.)"
Floyd v. Indus. Development Bd. of City of Dothan,442 So.2d 927, 929 (Ala. 1983). See, also, Bownes v. Winston County,481 So.2d 362 (Ala. 1985).
The statutory method of abandonment of Ala. Code 1975, §§23-4-1 et seq., is inapplicable; Montgomery County did not apply to close and vacate the road, and the failure of county authorities to keep the road in repair did not work an abandonment. See Purvis v. Busey, 260 Ala. 373, 71 So.2d 18
(1954). Further, we cannot say that the road has not been used for a period of 20 years. The fact that travel on the road may have decreased does not work an abandonment so long as it is open for use by the public generally and is being used by those who desire, or have the occasion, to use it. 39A C.J.S.Highways, § 131(a) (1976). Although testimony indicates that the Auerbachs in recent times have used the road mainly on weekends for recreation, the game warden and Auerbach employees also use the road to reach the Auerbach property. Thus, the road is open for use, albeit infrequently.
We must now determine whether the evidence supports a conclusion that the new Mount Lebanon Road replaced the Gibson-Auerbach road and, if so, whether enough time has passed to indicate an abandonment. Abandonment is a fact that must be proved, and the burden is on the one who asserts abandonment to prove it by clear and satisfactory evidence. Purvis v. Busey,supra. That holding is consistent with the general rule that once it is shown that a road is a public highway, "the burden of showing abandonment . . . is upon the party who asserts that the public . . . [has] lost or surrendered their rights." 2 B. Elliott W. Elliott, The Law of Roads and Streets, § 1173 (4th ed. 1926).
There is nothing in the record to indicate that the Mount Lebanon Road was intended as a substitute for the Gibson-Auerbach road in gaining access to Mount Zion Road. And neither the fact that part of a public highway is unusable for travel, nor the fact that the county failed to keep it in repair, is sufficient to show that it has been abandoned. In addition, the facts that the Auerbachs erected a locked gate across the road at their property line; that Mrs. Gibson erected a "gap" across the road near her home to control her cattle; and that Parker erected a locked gate across the road at his property line, will not cause the road to lose its character as a public way, because it is evident that there was no interruption of its use by those traveling it. Walker v.Winston County Comm'n, 474 So.2d 1116 (Ala. 1985).
Parker has failed to show by clear and convincing evidence that the road was statutorily abandoned, abandoned by nonuser for 20 years, or replaced by another public highway and not used for an appropriate period of time. Consequently, even indulging all favorable presumptions in support of the trial court's judgment, we hold that it is not supported by the evidence and that it is due to be reversed. Mangina v. Bush,286 Ala. 90, 237 So.2d 479 (1970).
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and SHORES, JJ., concur.