# Kanape *v.* Reeves.

*Bill in Equity for Relief against Judgment at Law.*

1. *Equitable relief against judgment at law; sufficiency of excuse for failure to defend.*—On a bill filed for the purpose of enjoining the enforcement of a judgment by default at law, the following facts were averred: On the day on which the judgment was rendered, complainant was sick and had been for some time prior thereto. By reason of her illness, she was unable to employ counsel to represent her. She, therefore, requested her husband, who was not a lawyer, to attend the court for the purpose of making application for a continuance of the case, he having with him a certificate of her physician as to her illness. The husband remained in court during the day on which the case was to be called.

Late in the afternoon, the husband left the court room and went to the steps leading therein, within calling distance, where he remained until the court adjourned. While there, the cause was called, and, no defense having been interposed, judgment by default was rendered against the complainant. The complainant was not called from the door of the court house before judgment was rendered. *Held*: That upon such averments the complainant was not entitled to the relief prayed for, since the failure on her part to have her application for a continuance properly presented, or to have an attorney appear for the purpose of interposing her defense, was directly applicable to her negligence, or that of her husband to whom she entrusted such matter.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellee against the appellant. The averments of the bill and the purpose thereof are sufficiently stated in the opinion.

On the filing of the bill a temporary injunction was issued. The defendant filed a sworn answer denying the material averments of the bill, and moved to dissolve the injunction upon the sworn denials contained in the answer. The defendant also moved to dismiss the bill for the want of equity, and demurred to the bill upon the grounds, 1st, that the allegations of said bill show that the failure of complainant to defend said suit at law was not attributable to her own negligence; 2d, that the allegations of said bill fail to show that the failure of the said complainant to defend said suit at law was attributable to fraud, surprise or accident, or some act on the part of the respondent; and, 3d, said bill seeks relief from a judgment by default at law, and shows that if complainant had any defense to the original suit, such defense was available at law, and shows no excuse for not making same in the lower court.

On the submission of the cause upon the demurrers and motion to dismiss the bill for the want of equity, and upon the motion to dissolve the injunction upon the sworn denials of the answer, the chancellor rendered a decree overruling each of said motions. The

defendant appeals, and assigns the rendition thereof as error.

G. L. COMER, for appellant.—The general rule of law governing in such cases as this is: "A bill for equitable relief against a judgment at law, in the nature of a bill for a new trial, must show that the complainant had a valid defense to the action, and that he was prevented from making it by accident, mistake or the fraud of the opposite party, unmixed with negligence on his part, and he must further show that, on another trial, he can establish his alleged defense."—*French v. Garner,* 7 Port. 549; *Hair v. Lowe,* 19 Ala. 224; *Ex parte Walker,* 54 Ala. 577; *Beadle v. Graham,* 66 Ala. 102; *Nat. Fer. Co. v. Hinson,* 103 Ala. 532; *Owen v. Gerson,* 119 Ala. 217; 1 High on Injunctions, 113, 114, notes. Sickness on the part of the defendant against whom judgment has been rendered in a court of law is not sufficient to give equity to a bill filed to enjoin the judgment.—*Pharr v. Reynolds,* 3 Ala. 521; *Campbell v. White,* 77 Ala. 397; *Owen v. Gerson,* 119 Ala. 217.

S. H. DENT, JR., *contra.*—It is a clear rule of equity jurisprudence that a party who has been deprived in a court of law from presenting a valid defense to an action therein, by surprise, accident, mistake, or fraud on the part of the adversary, will be entitled to relief, unless the same is brought about by his or her own fault or negligence,—3 Brick. Dig., 347, § 230, *et seq.*

Sickness in itself is an accident, but it does not alone excuse a party who has been properly served with notice of a suit from attending upon the term of court at which he is summoned to appear. But an appearance may be made through the medium of an agent who is not an attorney at law, and this was done in this case by the husband of complainant—2 Encyc. of Pl. & Pr., p. 673.

The complainant was in court at the proper time, in the person of her agent, and a technical, formal entry of appearance on the book kept for that purpose, as

prescribed by the rules of practice, is neither customary nor essential.—*Griggs' Adm'x. v. Gilmer,* 54 Ala. 425.

This agent remained present in court to answer the call of the case, and did what was necessary to prevent a judgment against his principal. The fact that during said day and after dark he walked out of the room and remained on the steps of the court house within calling distance, did not amount to an abandonment of his duty.—*Nat. Fer. Co. v. Hinson,* 103 Ala. 532; *Roebling v. Stevens,* 93 Ala. 39; *Martin v. Hudson,* 52 Ala. 279.

TYSON, J.—This bill was filed for the purpose of enjoining a judgment at law. The facts as alleged upon which the equities of the bill are predicated are these: On the day of the term of court on which the judgment was rendered complainant was sick and had been for some time prior thereto. In consequence of this illness she was unable to employ counsel to represent her. So she procured her husband, who is not a lawyer, to attend each day's sitting of the court for the purpose of making application for a continuance of the case, having with him a certificate of her physician as to her physical condition. He remained in the court room during the day on which, under the law, the case was to be called, until late in the afternoon. After dark on that day and while the court was trying another cause, the husband left the court room and went to a place on the steps leading into the court house, within calling distance of the court room, where he remained until the court adjourned for the day. While there, the court called the case and the judgment sought to be enjoined was taken by default against her. It is averred that this judgment was entered by the court, without first having her called from the door of the court room. Also that the suit was upon a promissory note given by the complainant for the debt of her husband. It is further alleged in the bill that her husband prior to the term of court at which the judgment was rendered had spoken to an attorney in regard to the suit, and had agreed upon the terms upon which he would be em-

ployed in case the suit came to a trial, but did not actually employ him.

The principle invoked by the complainant is that where a party has been deprived in a court of law of presenting a valid defense to an action therein, by surprise, accident, mistake, or fraud on the part of the adversary, unmixed with negligence on his part, he will be afforded relief in a court of equity.

It is conceded by complainant's counsel that her sickness did not excuse her from attending upon the court and having her defense interposed, or a proper application made for a continuance of the cause. The contention is that she was in court at the proper time, in the person of her agent, that this constituted an appearance; and the failure of the court to have her called at the door before entering the judgment acquits her of all negligence. No appearance as a fact is averred. The presence of her husband in the court room cannot be so construed. He, not being a licensed attorney, was wholly without authority to appear for her, whatever may have been his authority in respect to acting for and representing her in other matters. This she and her husband knew or were bound to have known. Had he attempted to file a plea for her as agent or to have represented her in the cause upon an application for a continuance, the court would doubtless, and very properly, have refused to permit the plea to be filed or to hear the application. Nor would such refusal have involved an impairment of her constitutional right to defend the action either by herself or by counsel. The principle *qui facit per alium facit per se* has no application to the right of the complainant to appear for herself in her own defense through an agent who is not a licensed attorney. But aside from this, her agent was not in the court room when the case was called. There is no statute or rule of practice which requires the trial court to have a defendant called at the door of the court house before entering judgment by default. The court was, therefore, under no duty to have the complainant or her husband called at the door of the court room before rendering the judgment against her. The

[Jones v. Hardy *et.al.*]

failure on her part to have her application for a con-
tinuance presented or to have an attorney appear for
the purpose of interposing her defense is directly at-
tributable to the negligence of her husband, to whom
she entrusted these matters. The demurrer to the bill
should have been sustained.—*Owen v. Gerson,* 119 Ala.
217; *Campbell v. White,* 77 Ala. 397; *Pharr v. Reynolds,*
3 Ala. 521.

The chancellor not only rendered a decree overruling
the demurrer to the bill, but denied the motion to dis-
solve the injunction upon the sworn denials contained
in the answer. In this there was an error.

A decree will be here rendered reversing the decree
and sustaining the demurrer to the bill and also dis-
solving the injunction.

Reversed and rendered.