5 So.2d 622

**Ex parte LAMBERTH.**

5 Div. 355.

Supreme Court of Alabama.

Jan. 15, 1942.

Ed Wetzel, pro se, for appellant.

W. G. Stone and G. H. Bumgardner, both of Bessemer, for appellee.

J. Broughton Lamberth and Richard H. Cocke, both of Alexander City, for petitioner.

J. Sanford Mullins, of Alexander City, for respondent.

upon him; he is not the corporation and can not take the place of the governing board and make contracts or incur liabilities outside of the ordinary business of the bank without special authority." 3 R. C.L. 440, § 66; 7 Am.Juris. 178, 179, § 239.

■ "The authority of a president of a bank is also limited to those transactions in connection with its affairs which are usual to such officer." 7 Am.Juris., supra; Annotations, 1 A.L.R. 695; 67 A.L.R. 971.

■ Article 1, § 10 of the Constitution, which provides "That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party," does not authorize a lay agent to appear and plead for such party. "Counsel" as here used has a well-understood meaning, that is, an attorney at law duly licensed to practice in the courts of this state. Kanape v. Reeves, 127 Ala. 216, 28 So. 666; Nispel v. W. U. R. R. Co. 64 Ill. 311; Union Pacific Railway Company, E. D., et al. v. Daniel Horney, 5 Kan. 340; State Bank of Indiana v. Bell, 5 Blackf., Ind., 127.

Unless the circuit court of Tallapoosa County, sitting at Alexander City, upon being advised of this opinion, is content to vacate its order overruling the plaintiff's motion to strike, and grant said motion, the clerk will issue the peremptory writ of mandamus as prayed.

Mandamus granted conditionally.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

Henry C. Meader, of Montgomery, amicus curiae for Alabama State Bar Association.

BROWN, Justice.

■ The president of a bank "is but the executive agent of the board of directors to perform such duties as may be devolved