This is a pro se appeal from a judgment rendered on a jury verdict in favor of Dr. Charles H. Griffith, Jr., and against Starla L. Vaughn and her father, Walter J. Vaughn, in a medical malpractice action.
Starla, a juvenile diabetic, was admitted to Holy Name of Jesus Hospital in 1982 and was cared for by Dr. Griffith. She was suffering from diabetic ketoacidosis and after admission developed a rare complication of that condition known as cerebral edema, a swelling of the tissues of the brain. As a result of that condition, Starla lost her eyesight and became partially paralyzed.
Starla, by and through her father and next friend, Walter J. Vaughn, and Walter J. Vaughn individually, filed a complaint against Dr. Griffith, Dr. Richard O. Rutland III, and Holy Name of Jesus Hospital, alleging that they were negligent or wanton and that their negligence or wantonness was the proximate cause of Starla's injuries.[1] Before the case came to trial, Dr, Rutland and the hospital were voluntarily dismissed on the plaintiffs' motion. A trial was held on the claim against Dr. Griffith, and the jury returned a verdict in his favor. The trial court entered a judgment on that verdict, and the plaintiffs appealed. Although they do not attack the verdict on grounds of the weight or sufficiency of the evidence, they allege numerous errors on the part of the trial court that they maintain require reversal of the trial court's judgment. They contend that the trial court abused its discretion by (1) denying their challenge of a juror for cause; (2) denying their motion for mistrial based on allegations of wrongful influence on the jury; and (3) instructing the deadlocked jury for a third time, thereby placing an alleged undue emphasis on particular matters. They also argue that the trial court committed reversible error by allowing a "surprise" expert witness to testify for Dr. Griffith. Finally, they ask this Court to reinstate Dr. Rutland and the hospital as defendants, alleging that they were dismissed without the plaintiffs' knowledge and consent.
After the jury was impanelled, two of the jurors informed the trial judge that they had been acquainted with a relative of one of the parties in the past. One of those jurors, Randall Burgess, had been a student of Dr. Griffith's sister in elementary school. He had also travelled to Europe with a group, and Dr. Griffith's sister was a member of that group. The plaintiffs' attorney challenged Burgess for cause, then agreed that the trial judge should conduct an interview with Burgess to determine if he would be biased. The plaintiffs' attorney agreed to accept the judge's decision on that matter. Following an interview with Burgess, the trial judge determined *Page 77 
that Burgess would be able to make a fair decision. After being informed of the judge's decision, the plaintiffs' attorney expressed reservations about Burgess, but agreed to defer to the trial court's judgment. However, after the close of the evidence, the attorney again asked that Burgess be removed from the jury and replaced with an alternate. The trial judge denied that request, explaining that his interview with Burgess had convinced him that Burgess would be able to be fair.
Trial judges are vested with broad discretion in determining whether to sustain challenges to jurors for cause. Ex parteNettles, 435 So.2d 151 (Ala. 1983). This Court has held that mere acquaintance with a party was not sufficient to disqualify a juror. Engineers of the South, Inc. v. Goodwin,366 So.2d 673, 674 (Ala. 1978). Logically, the same result is even more appropriate when the juror's acquaintance is with a relative of one of the parties. Instead, the trial judge must determine whether the juror's acquaintance with the party or relative is such that it would result in probable prejudice. Grandquest v.Williams, 273 Ala. 140, 135 So.2d 391 (1961). In the instant case the trial judge thoroughly examined Burgess and was satisfied that he would not be biased. This Court concludes that his denial of the challenge to Burgess was not an abuse of discretion.
The plaintiffs also maintain that the trial judge abused his discretion by denying their motion for a mistrial based on allegations of wrongful influence on the jury. Those allegations were based on the presence in the courtroom of a number of members of the original venire who had been struck, but were serving in other trials. The plaintiffs contend that in the presence of the jury those other jurors conversed with, and showed support for, members of Dr. Griffith's family. The plaintiffs' attorney moved for a mistrial, alleging that those actions prejudiced their chances for a fair trial. The judge denied the motion, explaining that no evidence of prejudice had been presented and that he could not presuppose that such prejudice had resulted from the alleged actions of the struck jurors.
The plaintiffs contend that such prejudice was the inevitable result of the struck jurors' alleged actions, or, in the alternative, that the mere appearance of prejudice should warrant a mistrial. This Court, in Kinard v. Carter,518 So.2d 1248 (Ala. 1987), rejected a similar argument. In that case, a juror was seen speaking to the defendant's wife during a recess. The plaintiff's motion for a new trial on that ground was denied, and this Court affirmed that denial. Kinard, supra, at 1252. In that case, the record did not reflect the content and tenor of the conversation between the juror and the defendant's wife, and this Court refused to assume that any prejudice had resulted therefrom. Id. In the present case, the record does not reveal any evidence of prejudice to support the bare allegations of the plaintiffs' attorney. Absent evidence that the misconduct of others had prejudiced the jurors, the motion for mistrial was properly denied. First Nat'l Bank ofPulaski, Tenn. v. Thomas, 453 So.2d 1313 (Ala. 1984).
The plaintiffs also contend that the trial judge erred by instructing the deadlocked jury a third time. They maintain that those repeated instructions placed an undue emphasis on "particular matters," but they do not specify which matters received that emphasis. However, an examination of the record reveals that attorneys for both of the parties expressed satisfaction with the trial judge's third charge to the jury, and no later objections or exceptions are noted. That failure to make a timely objection or to otherwise preserve alleged errors in jury instructions leaves this Court nothing to review. Hancock v. City of Montgomery, 428 So.2d 29 (Ala. 1983).
The plaintiffs maintain that the testimony of one of Dr. Griffith's expert witnesses, Dr. Elliott Krane, was improperly admitted because, they say, his presence as an expert witness was an unfair surprise. That contention appears to be based on the fact that their attorney was not given a list *Page 78 
of potential expert witnesses by Dr. Griffith's attorney. However, pre-trial correspondence between those attorneys indicates that the plaintiffs' attorney was aware that Dr. Krane would testify and was given a copy of Dr. Krane's curriculum vitae. In addition, their attorney did not object to Dr. Krane's testimony. Because the trial judge was not made aware of any potential objections to Dr. Krane's testimony, this Court cannot put that court in error. Defore v. Bourjois,Inc., 268 Ala. 228, 105 So.2d 846 (1958).
Finally, the plaintiffs have submitted a motion to this Court asking that Holy Name of Jesus Hospital and Dr. Rutland be reinstated as defendants. In their motion, they contend that those defendants were dismissed by their attorney without their knowledge or consent; that the dismissals were fraudulent; and that they were not aware of the dismissals until after they received the court's records while preparing their appeal. They argue that they also filed such a motion in the trial court after the record on appeal was completed, but they have not included that motion or a ruling thereon in a supplemental record. Thus, without any ruling by the trial court, we have nothing to review. Totten v. Lighting Supply, Inc.,507 So.2d 502 (Ala. 1987); Kemp Motor Sales, Inc. v. Lawrenz,505 So.2d 377 (Ala. 1987). Therefore, the motion to reinstate must be denied. In any event, the fact that Starla and her father were present throughout the trial against Dr. Griffith calls into question their allegation that they had no knowledge that Dr. Rutland and the hospital had been dismissed.
This Court finds no error on the part of the trial court in this action, and that court's judgment is affirmed.
AFFIRMED; MOTION TO REINSTATE DEFENDANTS DENIED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Although this is a pro se appeal, Starla and her father were represented by an attorney throughout the proceedings at the trial level.