No properly filed brief; see explanation in the opinion.
After the notice of appeal was filed in this case, the attorney for the appellant filed a motion to withdraw from the case, and this motion was routinely granted by the clerk of this Court. The appellant is a corporation, and a brief that was signed only by the president of the corporation was submitted to this Court. The president is not a lawyer, and the general rule is that a corporation can appear in court only through an attorney; it cannot appear pro se. See Brown v.Parnell, 386 So.2d 1137 (Ala. 1980); Ex parte Lamberth,242 Ala. 165, 5 So.2d 622 (1942); Kanape v. Reeves, 127 Ala. 216,28 So. 666 (1900)[1]; and Hawkeye Bank Trust, National Ass'n v.Baugh, 463 N.W.2d 22 (Iowa 1990), and authorities cited therein. Under that rule, the appeal would be due to be dismissed for the failure of the appellant to file a brief or to prosecute the appeal. Rule 2(a)(2), Ala.R.App.P. Nevertheless, we have studied the record and the materials that have been submitted, and we have determined that the judgment is due to be affirmed on the merits. That being the case, we would only cause unnecessary delay if we were to give notice pursuant to Rule 2(a) of a potential dismissal of the appeal, because such notice could lead only to an eventual dismissal or an affirmance after a pointless rebriefing of the case. Therefore, we suspend the rules regarding dismissals, see Rule 2(b), Ala.R.App.P., and we affirm the judgment.
AFFIRMED.
MADDOX, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] This case is reported in volume 28 of the Southern Reporter asKnope v. Reeves.