SEE, Justice.
This petition for the writ of mandamus arises out of the trial court’s denial of a motion to dismiss a complaint alleging wrongful death, prepared and filed by Donna Stewart, the executrix of Mary Stewart’s estate. The defendants — Chai-han Korn, M.D., Elias Ghafary, M.D., and K.J. Shah, M.D. — moved to dismiss the complaint on the ground that Donna Stewart had engaged in the unauthorized practice of law by signing and filing the complaint herself instead of retaining a licensed attorney to sign and file it on behalf of the estate. The trial court denied the defendants’ motion, to dismiss. The defendants petition for a writ of mandamus directing the trial court to rescind its *779 order denying the motion and to dismiss the action. We grant the writ.
I.
On February 27, 1993, Mary Stewart was admitted to Baptist Memorial Hospital in Gadsden to obtain treatment for pneu-monitis. On March 1, she was transferred to the critical care unit because her condition had worsened. On March 3, she died while being transferred to Baptist Mont-clair Hospital in Birmingham.
On February 22, 1995, Donna Stewart, as executrix of Mary’s estate, filed a complaint against the defendants alleging Mary’s wrongful death. Although Donna Stewart had the assistance of a licensed attorney in preparing the complaint, she personally participated in the preparation of the complaint, and she signed and filed the complaint herself. ■ In March and again in April, the defendants moved to dismiss the complaint, arguing that the complaint was a nullity because it was filed by a person who was not a licensed attorney. The trial court denied the defendants’ motion. In their mandamus petition, the defendants assert that because the complaint was not filed by an attorney licensed to practice law in Alabama, no valid complaint was filed. We agree.
II.
Article I, § 10, of the Constitution of Alabama of 1901 establishes the right of a person to represent himself before a court of law. Section 10 provides in pertinent part:
“[N]o person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party.”
This constitutional right of self-representation before the courts allows a person to represent himself — to appear pro se— without endangering the interests of others by a lack of familiarity and training in the law. See May v. Williams, 17 Ala. 23 (1849) (holding that the predecessor to § 10 of the Constitution of Alabama of 1901 allowed an individual to appear before a court on his own behalf without an attorney). However, this right, like the policies underlying it, does not extend to the representation of interests other than those of the pro se litigant.
The Legislature has proscribed lay representation other than the self-representation permitted by § 10 of the Constitution. Section 34-3-6(a), Ala.Code 1975, provides: “Only such persons as are regularly licensed have authority to practice law.” This proscription on the practice of law by nonattorneys serves to protect the public: (1) by protecting citizens from injury caused by ignorance and lack of skill on the part of those who are untrained and inexperienced in the law; (2) by protecting the courts in their administration of justice from the interference of those who are unlicensed and are not officers of the court; and (3) by preventing the unscrupulous from using the legal system for their own purposes to the detriment of the system and of those who may unknowingly rely on them. See Waite v. Carpenter, 1 Neb.App. 321, 329-30, 496 N.W.2d 1, 6 (1992).
Accordingly, the courts of this State have held that a person must be a licensed attorney to represent a separate legal entity, such as a corporation. In Stage Door Development, Inc. v. Broadcast Music, Inc., 698 So.2d 787, 787 (Ala.Civ.App.1997), the Court of Civil Appeals held that “[o]ne who is not an attorney may not appear as an advocate on behalf of a corporation, even one he wholly owns, without engaging in the unauthorized practice of law.” Further, in A-OK Constr. Co. v. Castle Constr. Co., 594 So.2d 53, 54 (Ala.1992), this Court stated that generally “a corporation can appear in court only through an attorney.” Accord Ex parte Lamberth, 242 Ala. 165, 5 So.2d 622 (1942).
 In this case, a nonattorney exec *780 utrix represented[1] the interests of an estate, a separate legal entity with interests other than her own. The executrix argues that Ala.Code 1975, § 6-5-410, creates an exception to the general rule of § 34-3-6(a) prohibiting a nonlawyer from representing another person or a separate legal entity. Section 6-5-410 provides:
“(a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.”
(Emphasis added.) Section 6-5^110 allows a personal representative to serve as a named party in an action concerning an estate. That section does not, however, exempt a personal representative from the § 34-3-6(a) requirement that a person dealing with a court of law on behalf of a separate legal entity either be a licensed attorney or be represented by one.[2]
Decisions by courts of other jurisdictions support our conclusion that a person not licensed to practice law may not represent an estate. In Waite, 1 Neb.App. 321, 496 N.W.2d 1, the Nebraska Court of Appeals held that the personal representative of an estate could not represent the estate even though Nebraska’s wrongful death statute allowed the personal representative to bring the action.[3] Accord State ex rel. Baker v. County Court of Rock County, 29 Wis.2d 1, 8, 138 N.W.2d 162, 166 (1965) (holding that “when the executor is not an attorney, such matters must be presented for him by an attorney licensed to practice law”); Frazee v. Citizens Fidelity Bank & Trust Co., 393 S.W.2d 778 (Ky.1964) (holding that employees of trust companies who were not licensed attorneys should be enjoined from representing estates in probate court); State Bar Ass’n v. Connecticut Bank & Trust Co., 146 Conn. 556, 153 A.2d 453 (1959) (holding that banks serving as executors or administrators of estates could not be represented in probate court by employees that were not licensed *781 to practice law); C.D. Sumner, Annotation, Necessity that Executor or Administrator Be Represented by Counsel in Presenting Matters in Probate Court, 19 A.L.R.3d 1104 (1968).[4]
We hold that § 34-3-6(a) prohibits a nonattorney executor or personal representative from representing an estate before a court of law. Thus, the complaint personally filed by Donna Stewart as executrix was a nullity, and the defendants are entitled to the writ of mandamus. See Lamberth, 242 Ala. at 167, 5 So.2d at 623-24. The trial court is directed to rescind its order denying the defendants’ motion to dismiss and to enter an order dismissing the action.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, and BUTTS, JJ., concur.
KENNEDY and SHORES, JJ., dissent.

. Donna Stewart's participation in the preparation of the complaint, her signing of the complaint, and her filing of the complaint on behalf of the estate constitute the practice of law under Ala.Code 1975, § 34-3-6. See Black v. Baptist Medical Center, 575 So.2d 1087 (Ala.1991).

. We note that with respect to corporations, § 240 of the Constitution of Alabama 1901 provides:
"All corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons.”
In addition, Ala.Code 1975, § 10-2B-3.02, provides:
"[Ejvery corporation has ... the same powers as an individual ... :(1) To sue and be sued, complain and defend in its corporate name....”
Further, Ala.Code 1975, § 10-2B-8.01(b), provides that "[ajll corporate powers shall be exercised by ... its board of directors.” Nonetheless, Alabama courts have consistently held that a corporation, even a corporation with a sole shareholder and one director, may not be represented in court by a director or officer who is not licensed to practice law. See A-OK Constr. Co. v. Castle Constr. Co., 594 So.2d 53 (Ala.1992) (holding that a corporation can appear in court only through an attorney); Ex parte Lamberth, 242 Ala. 165, 5 So.2d 622 (1942) (holding that a corporation can appear in a judicial proceeding only through an attorney); Stage Door Development, Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala.Civ.App.1997) (holding that one who is not an attorney may not appear as an advocate on behalf of a corporation, even one he solely owns, without engaging in the unauthorized practice of law); see generally Brown v. Parnell, 386 So.2d 1137 (Ala.1980) (noting that an individual who was not an attorney had inappropriately represented his own corporation).

.The Nebraska statute, Neb.Rev.Stat. § 30-810 (Cum.Supp.1992), provided that an action for wrongful death "shall be brought by and in the name of the [decedent's] personal representative.” Waite, 1 Neb.App. at 326, 496 N.W.2d at 4.

. The dissent points out that in Vaughn v. Griffith, 565 So.2d 75, 76 n. 1 (Ala.1990), a personal representative who had been represented by an attorney at trial appeared pro se on appeal. In Vaughn, however, this Court did not address the issue whether a nonlaw-yer personal representative could appear before the courts of this state. See Walding v. Blue Cross & Blue Shield of Alabama, Inc., 577 So.2d 853, 855 (Ala.1991) (stating that issues not raised by the parties need not be addressed on appeal).