Mrs. Aletha Walker, Donald Walker, and Sam Oditt brought this action seeking damages for the destruction of trees, fences, and pasture resulting from the grading and reopening of the Lawson-Alexander ("Old Lawson") Road by appellees Maze and Cagle, and seeking a decree from the court that the road had been abandoned. At the ore tenus non-jury trial, the Winston County Circuit Court found for Maze, Cagle, and the Winston County Commission, and held that the Old Lawson Road had not been abandoned and was still a public road. The Walkers and Oditt appeal. We affirm.
The Walkers, Oditt, Maze, and Cagle own land abutting the Old Lawson Road, an unpaved road in northeast Winston County. It is undisputed that the road was open to the public until 1971 or 1972. At that time, Mrs. Aletha Walker and her late husband allegedly entered into an unwritten agreement with Mahugh Porter, a State Highway Department superintendent, whereby they would give the right-of-way for a new section of County Road 80 in exchange for the closing of Old Lawson Road. None of the other area land owners were parties to this agreement, however. This new paved road, which is now a part of County Road 80, connects County Road 80 with County Road 39. (See Appendix A.[1]) The Old Lawson Road had formerly connected these two county roads.
The county ceased maintaining Old Lawson Road after the new road was built, although it never officially closed the old road. The northern portion of the old road continued to be traveled from the intersection of County Road 39 to the Walkers' property line. At the Walkers' property line, saplings had sprung up in the road, and they had placed a fence across it in order that a portion of the road could be used as a pasture.
In 1982, Maze and Cagle cleared the road with a bulldozer, tearing down the fence and saplings. Mrs. Walker, her son Donald, and Sam Oditt then brought this action.
When testimony is presented ore tenus, the findings of the trial court will be sustained unless they are clearly and palpably wrong or without supporting evidence, or are manifestly unjust. Johnson v. Cleveland, 460 So.2d 1257 (Ala. 1984). Upon careful review of the record, we cannot conclude that the trial court erred in finding that the road had not been abandoned.
A public road may be abandoned in one of several ways. One method of abandonment may be effected by a formal, statutory action. See Code 1975, §§ 23-4-1 through 23-4-6. Another method is nonuse for a period of twenty years. See Harbison v.Campbell, 178 Ala. 243, 59 So. 207 (1912). Additionally, as the appellants allege here, where one road replaces another, there can be an abandonment of a public road by nonuse for a period short of the time of prescription. Floyd v. Indus. DevelopmentBd. of Dothan, 442 So.2d 927 (Ala. 1983). See also Purvis v.Busey, 260 Ala. 373, 71 So.2d 18 (1954). In such a case, the landowners alleging abandonment by virtue of nonuse have the burden of showing abandonment by clear and convincing evidence.Floyd, supra.
The evidence in this case shows that Mahugh Porter did not have the authority to make an agreement with the Walkers to close the Old Lawson Road. Mack Robinson, Porter's supervisor, testified that Porter merely had authority to carry the deeds to the landowners for their signatures, and did not have authority to negotiate agreements. Furthermore, the other abutting property owners were not parties to the agreement.
Although the evidence indicated the Old Lawson Road was not maintained, county maintenance is not essential to the status of a public road. Davis v. Linden, 340 So.2d 775 (Ala. 1976). A letter from the Winston County Commission, admitted into *Page 1118 
evidence, stated that the old road had never been officially closed by the county. Wayne Tidwell, a County Commissioner from 1971 to 1983, confirmed by his testimony that the Commission had taken no action to formally close the road while he was in office. Cagle testified that Tidwell told him in 1978 that there were no records indicating that the road had been closed and, as far as the Commission was concerned, the road could be used.
Although the Walkers had placed a fence across the road at their property line, this alone will not prove abandonment. InPurvis v. Busey, supra, Purvis attempted to fence and pasture a section of a public road ("Road B") in Monroe County. Road B had been replaced by Road A, and had fallen into disuse. In the action to restrain obstruction of a public road, this Court held that although part of Road B had been put into cultivation or pasture by other landowners, this use did not per se constitute an abandonment of Road B. Purvis, 260 Ala. at 378,71 So.2d 18.
The evidence indicates that all but the southernmost part of Old Lawson Road continued to be used. Cagle used the road to get to the western section of his property, where he kept cattle. Cagle had no access to this part of his land from the east because of a high bluff and a creek running through his property. Although Cagle had purchased an easement from his neighbor White to get to his land, the costs of developing it were prohibitive, so he continued to use the Old Lawson Road.
Maze also used the old road for access to his property. Maze's son had a mobile home on his northeastern property, and used the road down to the "Y" to get to it. Maze also used the old road to get to the barn on his land. Others, such as forest rangers and loggers, used the Old Lawson Road for access to the forest nearby.
Although a wire fence had been across the road at the Maze-Cagle property line until 1979, when Maze purchased the property, the fence had a gate which allowed cars to pass. A gap or gate across a way to control livestock, as here, will not cause a road to lose its character as a public way, when it is evident that there was no interruption of its use by those traveling it. Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289
(1972). Both Maze and Cagle testified the road had been travelable all the way down to the Walker line. Donald Walker confirmed that the northern portion of the road had always been open, as did another neighbor, Alvin N. White.
On the basis of this testimony, we find the trial court was not clearly and palpably wrong in finding appellants did not meet their burden of showing abandonment by clear and convincing evidence. We must therefore affirm the judgment of the trial court.
AFFIRMED.
FAULKNER, JONES, ALMON and SHORES, JJ., concur. *Page 1119 
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.]
[1] Appendix A is not drawn to scale and is merely intended to aid the reader's understanding of the facts of this case. *Page 1120