JONES, Justice.
This is a land-line dispute involving the alleged abandonment of a public road that lies between the properties of the parties. The only issue presented is whether Chilton County was an indispensable party to the proceedings below. Confining our review to the single question here presented, and answering the question in the affirmative, we must reverse the judgment and remand the cause for the joinder of Chilton County as a party. See Dalrymple v. White, 402 So.2d 968 (Ala.1981); Mead Corp. v. City of Birmingham, 350 So.2d 419 (Ala.1977); and Felder v. State, 515 So.2d 17 (Ala.Civ.App.1987).
*199 Because it is highly probable that Chilton County has, in fact, abandoned that portion of the public road here in question, and, thus, when named as a party, will file a disclaimer with respect to any interest in the controversy between these landowners, we think a few observations may be helpful to the parties and to the trial court in resolving this matter on remand. It is apparent from the record that each set of parties framed the triable issue so as to claim to the center line of the “abandoned” roadway and that, accordingly, the trial court, by its judgment fixing the common boundary between these parties, intended to vest in each set of parties a strip of land 22½ feet wide and running the full length of the “abandoned” road adjoining the properties in question. Instead, however (if our understanding of the record is correct), the description contained in the final judgment vested the entire 45-foot roadway in the Johnsons (the appellees) and left the Dunavants (the appellants) with no portion of the road. We believe this was an inadvertence, in that the result did not accurately respond to the issues and contentions as framed and argued by the parties to the litigation.
We understand the trial court’s dilemma in trying to reconcile the inconsistent descriptions in the various deeds to the parties and in the right-of-way deed to the County, as well as the County’s mislocation of the public road. To a great extent, however, this otherwise complex problem is simplified by the mutual purpose of the parties to move their common boundary line to the center line of the roadway.
Notwithstanding any errors in the descriptions in the deeds to the parties or in the physical location of the 45-foot-wide roadway, it is clear and undisputed that the conveyances were intended to place the southern boundary of the Johnson property adjacent to the northern edge of the road and the northern boundary of the Duna-vant property adjacent to the southern boundary of the road. If the County should concede, as the adjoining landowners contend, that it no longer claims any interest in the subject road, the trial court, with the able assistance of counsel for the landowners, should have little difficulty in redrafting the descriptions to accurately reflect the additional 22x/2-foot strip of land to which each set of parties is entitled.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.