BEATTY, Retired Justice.
W. Elton Kennedy, M.W. Kennedy, and Lolita L. Kennedy appeal a judgment by the trial court declaring that a road running through their property is a public road. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
John H. Hines, James S. Hines, and J.C. Harper, Jr., brought an action against the Kennedys, seeking to have a road running through the Kennedy property declared a public road. The Kennedys moved to have the Wilcox County Commission joined as an indispensable party; the trial court granted that motion. The Hineses and Harper later amended their complaint, seeking an easement across the Kennedy property as an alternative to having the road declared public. The parties submitted this case to the trial court upon two stipulations of fact. The first, filed with the trial court October 3, 1991, states as follows:
“1. That the portion of the old public road known as Old Carters Mill Road and extending north across Pine Barren Creek, which is the subject of this lawsuit, is in part agreed to be a public road and is so recognized by Wilcox County.
“2. That the portion of the road recognized as public road begins at the south-westernmost portion of said road where the road leaves Highway 59, continues southeasterly for approximately one-half mile, then easterly approximately three-fourths mile until said road crosses over Pine Barren Creek. The road continues northerly after crossing Pine Barren Creek approximately one-half mile until said roadway intersects the John Hines/ J.C. Harper, Jr. property line, that line being the South line of the NW ⅝ of the *1337 NW ⅜ of Section 4, TownsMp 11 North, Range 11 East, Wilcox County, Alabama.
“3. The County agrees that this road and existing bridges will continue to be recognized as a public right-of-way.”
The second stipulation of facts, filed with the trial court on September 8, 1998, states as follows:
“1. That Plaintiffs are owners of real property situated in Sections 4 and 5 of Township 11 North, Range 11 East, Wilcox County, Alabama.
“2. That Defendants, M.W. Kennedy and Lolita L. Kennedy, are owners of certain real property in Sections 28 and 33 of Township 12 North, Range 11 East. Elton Kennedy will be the owner of the property within the next three months after deeds are executed.
“3. That Defendant W. Elton Kennedy has supervisory control over property located in Sections 28 and 33.
“4. At times prior to 1960, there was an unpaved one-lane road which ran north to south and then west through Sections 28, 33, 4, 9 and 8 depicted on the attached map. [See Appendix A.[1]] The entirety of this road is depicted by the solid red line and the blue dots which intersect County Highway 59.
“5. Wilcox County has stipulated and agreed that a portion of the old one-lane road is still a public road and is so recognized by Wilcox County. That Stipulation is on file with the Court. The portion covered by the Stipulation is on the attached map drawn in a solid red line. This portion of the road is graded and gravel. The remaining portion drawn in blue dots is natural growth, i.e., dirt with grass and weeds on the old road bed and bushes and trees beside the old one-lane. It is not graded.
“6. The remaining remnant of the old road which was in existence prior to the construction of County Highway 59 is drawn in blue dots on the attached map. It is this portion which is at controversy between the parties.
“7. There are no residents ... on the portion of the road drawn in blue dots and there have not been any since the construction of County Highway 59.
“8. There are no homeowners who currently use the portion of the road drawn in blue dots to get to and from their homes.
“9. In the mid-1970s (the parties believe approximately 1975) Wilcox County repaired a wooden bridge across Wildcat Creek on the portion of the road drawn in blue dots. This area is marked on the attached map with a capital ‘A’ and is also depicted in the photograph marked as Defendant’s Exhibit 9. Other than the repair of this bridge at Wildcat Creek, Wilcox County has not done any maintenance on the portion of the road drawn in blue dots since 1972.
“10. There is a gate at the northernmost end of the old road which was replaced by County Highway 59. The location of this gate is marked by a capital ‘B’ on the attached map. The entrance off County Highway 59 to the gate is depicted by the photographs identified as Defendants’ Exhibits 1 and 2 and the gate itself is pictured in the photographs identified as Defendants’ Exhibits 3 and 4. This gate was erected by Jessie Robbins and was erected in 1968. The gate remained closed and locked by the Robbinses since then and the only time any landowners have gone in and out of the gate over the years was pursuant to permission by Jessie and Doris Robbins. Now that Elton Kennedy owns this land, the gate has remained locked and no one has used it since Kennedy purchased the land in March 1986.
“11. When Elton Kennedy and his parents purchased land in Section 33, there was an overgrown trail leading from County Highway 59 to the Old Roadway which is depicted in green dots on the attached map. This trail ended at Wildcat Creek. There was no bridge at Wildcat Creek along this trail at the time the Kennedys bought the land.
*1338 “12. Elton Kennedy brought in a bulldozer and graded this trail and further installed an old railroad box ear to act as a culvert. He then brought in dirt and materials and built up this area at Wildcat Creek so that a vehicle could pass over Wildcat Creek on this trail. The box ear which Elton Kennedy installed is depicted in the photograph identified as Defendant’s Exhibit 12 and is located at the area identified with a capital ‘E.’ The work performed by Kennedy cost Kennedy $8,000 to $10,000. The Plaintiffs did not contribute to this work or cost.
“13. There is a gate at the beginning point of this trail where it intersects County Highway 59. This gate is identified with a capital ‘C’ on the attached map and is depicted in the photograph identified as Defendants’ Exhibit 10. This gate is locked from time to time during hunting season.
“14. Since Elton Kennedy has done this work, he has provided the Plaintiffs with keys to the gate identified on the attached map with a capital ‘C’ so that if the gate is locked the Plaintiffs can unlock it and has granted the Plaintiffs permission in writing to use this way to access their property. This permission was given to the Plaintiffs and to any workers necessary to conduct agricultural, timber and cattle business which the Plaintiffs may want to conduct on their land. However, the Plaintiffs were told that this permission did not include hunters. The Plaintiffs were also asked to restrict their timber hauling to times other than hunting season.
“15. All the Plaintiffs have had and still have access to their property by use of the portion of the road drawn in red on the attached map.
“16. John Hines and James Hines have no property which is contiguous to the property of the Kennedys.
“17. J.C. Harper, Jr., does own land which is contiguous to the land owned by the Kennedys. However, this land which is contiguous was not part and parcel of a larger tract and divided when either the Harpers (or predecessors in interest) or Kennedys purchased their land.
“18. County Road 59 was constructed sometime in the early 1950s. The old road was abandoned by the public at the time County Road 59 was constructed and placed into service.
“19. Since the construction of County Road 59, the Plaintiffs have placed gates of their own across the remnant of the old road which is drawn in blue dots on the attached map and those gates have been in existence and across the roads for more than twenty years. One of those gates is identified in the photograph identified as Defendant’s Exhibit 14.
“20. The bridge which the County repaired at Wildcat Creek in approximately 1975, marked with a capital ‘A’ on the attached map, does not have the same capacity as the bridge which is located at Pine Barren Creek and identified with a capital ‘D’ on the attached map. That is, the bridge at Wildcat Creek does not have the load capacity as the bridge at Pine Barren Creek.”
The trial court’s final judgment made the following pertinent findings of fact:
“3. That located on property owned by both Plaintiffs and Defendants are existing roadways generally known as the ‘Old Barlow Road,’ Carter Mill Road, and Robbins Road.
“4. That this roadway has been recognized on the official records of the Wilcox County Engineering Department as a public road or right-of-way for more than fifty years.
“5. That this roadway has been continuously maintained to some degree by the Wilcox County Commission and its road department in that time.
“6. That certain actions, including the construction of bridges on Pine Barren Creek and Wildcat Creek, along with the hauling of gravel, grading of roads, and other general road maintenance and supervision, have been conducted by the Wilcox County Commission and its road department.”
The trial court concluded that the road was a public road and granted all parties unrestrained access to it.
*1339 The Kennedys contend that the trial court’s findings of fact are contrary to the stipulated facts submitted to it, and that its conclusion that the disputed roadway is a public road is contrary to both the facts and the applicable law. Wilcox County has filed a brief that this court construes as an amicus curiae brief in support of the position taken by the Kennedys.
Because the trial court’s judgment was based upon stipulated facts, the ore ten-us rule is inapplicable in this case. Allsup v. State ex rel. Salas, 648 So.2d 597 (Ala.Civ.App.1994). When the evidence is stipulated, and no testimony is presented orally to the trial court, this court reviews the evidence, as well as the application of the law to that evidence, without any presumption in favor of the trial court’s findings. Turner v. Clutts, 565 So.2d 92 (Ala.1990); Bownes v. Winston County, 481 So.2d 362 (Ala.1985).
Although the Hineses and Harper argue in their brief that the facts in this case were disputed and were resolved by the trial court, the trial court did not hear oral testimony in this case, and therefore, it could not have been presented with conflicting testimony. The trial court’s factual findings are clearly contrary to the stipulated facts submitted by the parties. Only a portion of the road in question is recognized by Wilcox County as a public road. The road has not been maintained by the Wilcox County Commission; indeed, the stipulation states clearly that the disputed portion of the road is not graded and that, with the exception of some work on a bridge in the mid-1970s, the county has done no maintenance whatever on the disputed portion of the road since 1972. The trial court’s factual findings do not mention the fact that all parties have installed gates upon the disputed portion of the road, that use of the road through the gate erected by the Robbinses (the Kennedys’ predecessors in title) has been permissive since 1968, that no one has used the road through that gate since 1986, and, most significantly, that the road in question was abandoned by the public in the early 1950s when County Road 59 was constructed and placed into service.
We must now review the application of the law to the facts. Our supreme court discussed the methods by which a public road may be abandoned in Walker v. Winston County Comm’n, 474 So.2d 1116 (Ala.1985). One method of abandonment is the commencement of a formal, statutory action. §§ 23^4-1 through 23^4-6, Ala.Code 1975. Another is nonuse for a period of 20 years. See Harbison v. Campbell, 178 Ala. 243, 59 So. 207 (1912). A third alternative, if one road replaces another, is that there can be an abandonment of a public road by non-use for a period short of the time of prescription. Floyd v. Industrial Dev. Bd. of Dothan, 442 So.2d 927 (Ala.1983). In the latter case, the landowners alleging abandonment by virtue of nonuse have the burden of showing abandonment by clear and convincing evidence. Walker, 474 So.2d at 1117; Floyd, 442 So.2d at 927. County maintenance is not essential to the status of a public road. Davis v. Linden, 340 So.2d 775 (Ala.1976). The placement of a fence across a road does not per se constitute an abandonment of the road. Purvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954). Evidence regarding these factors would certainly be pertinent, however, to the abandonment question.
The Hineses and Harper contend in their brief that they continued to use the disputed portion of the road in question, without permission from anyone, until the Kennedys restricted their use after obtaining the property. They also contend that the road was used by hunters leasing hunting rights on their property. No evidence supporting the Hineses and Harper’s contentions appears in the stipulated facts, however; therefore, no evidence of their use of the road, or their lessees’ use thereof, was before the trial court. The Hineses and Harper cannot merely argue in their brief, without supporting evidence, that the disputed portion of the road was not abandoned. Bownes, 481 So.2d at 364. We find, after reviewing all of the evidence stipulated to by the parties, that the facts, taken as a whole, support the Kenne-dys’ claims that the disputed portion of the road was abandoned; therefore, we must reverse the trial court’s conclusion that the road is a public road. Id.
Because the trial court determined the road to be a public road, its judgment did not address the Hineses and Harper’s claim to *1340 an easement across the Kennedy property. Because we have concluded that the disputed portion of the road is not a public road, the easement issue must now be addressed by the trial court.
We reverse the judgment of the trial court and remand the cause for further proceedings.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.
*1341 [[Image here]]

. Appendix A is not drawn to scale and is merely intended to aid the reader's understanding of the facts of this case.