THOMAS, Judge.
 

 Horace E. Berry and Carolyn C. Berry own several contiguous parcels of real estate in Fayette County (“the Berry property”). One parcel of the Berry property abuts one of two contiguous parcels of property owned by the estate of C.J. Wilson (“the Wilson property”). A dirt road traverses from a county road known as Coprich Road across a portion of the Wilson property and across a small portion of neighboring property before it reaches the Berry property. The Berrys, and, before them, Horace’s father, have used this dirt road to haul timber, to reforest their property, and to otherwise maintain their property for approximately 50 years. At some point in mid to late 2007, Noland Wilson, one of the heirs of C.J. Wilson, put a cable across the road, obstructing the Berrys’ access to the road.
 

 The Berrys sued the estate and the heirs of C.J. Wilson — Noland Wilson, Pauline Wilson, J.C. Wilson, Robelton Wilson, James R. Wilson, Benjamin Wilson, Eu-lene Nails, and Earline Brown (referred to collectively as “the Wilson defendants”)— alleging that their land was landlocked, that no other access to a county road from their land was available, and that they had used and improved the road for “not less than 50 years.” The day before trial, the Berrys amended their complaint to specifically allege that they were entitled to a prescriptive easement in the road. After a trial, the trial court entered a judgment in favor of the Berrys declaring that they were entitled to a prescriptive easement in the road. The Wilson defendants appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
 

 Testimony at trial established that the parties believed that the road had been a public road at one time and that they “presumed” it had been abandoned “quite some time ago” because Fayette County no longer maintained the road.
 
 [1]
 
 Noland Wilson testified that he had
 
 *561
 
 “signed [the road] over to Jessie Kemp,” who, according to Noland, had been the county road commissioner in or around 1956. Noland specifically stated that the road was a county road “until the county quit working [that road],” and he stated that he “was the one that signed the road — signed the right-of-way for them to build that road in there.”
 

 Based on the undisputed evidence, it appears that the road in question was a public road when it was created in 1956. Because the evidence reflects that a question remains regarding whether it is still a public road, Fayette County is. an indispensable party to this action.
 
 Dunavant v. Johnson,
 
 565 So.2d 198, 198 (Ala.1990);
 
 Allbritton v. Dawkins,
 
 19 So.3d 241, 243 (Ala.Civ.App.2009). The failure to join Fayette County as a party could result in inconsistent judgments and impact the rights, duties, and liabilities of the litigants, members of the public, and the county.
 
 Boles v. Autery,
 
 554 So.2d 959, 961 (Ala.1989).
 
 [2]
 

 The absence of an indispensable party may be raised by an appellate court
 
 ex mero motu. Gilbert v. Nicholson,
 
 845 So.2d 785, 790 (Ala.2002);
 
 Allbritton,
 
 19 So.3d at 243. Furthermore, “‘[t]he absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.’ ”
 
 Withington v. Cloud, 522
 
 So.2d 263, 265 (Ala.1988) (quoting
 
 J.C. Jacobs Banking Co. v. Campbell,
 
 406 So.2d 834, 851 (Ala.1981)). Accordingly, we reverse the judgment of the trial court and remand the cause with instructions that the trial court allow joinder of Fayette County as an indispensable party and for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . In order to change the character of a public road, the road must either be vacated pursuant to a statutory procedure,
 
 see
 
 Ala. Code 1975, § 23-4-2 (setting out procedure for a municipality or county to vacate a public road) and § 23-4-20 (setting out procedure by which abutting landowners may vacate a public road), or be abandoned.
 
 Kennedy v. Hines,
 
 660 So.2d 1335, 1339 (Ala.Civ.App.1995). The abandonment of a public road may be accomplished by nonuse of the road for a period of 20 years or, in situations in which another road replaces the road in question, by nonuse for a period shorter than 20 years.
 
 Walker v. Winston County Comm'n,
 
 474 So.2d 1116, 1117 (Ala.1985);
 
 Kennedy,
 
 660 So.2d at 1339. The person claiming the abandonment bears the burden of proving nonuse for the requisite period by clear and convincing evidence.
 
 Walker,
 
 474 So.2d at 1117;
 
 Kennedy,
 
 660 So.2d at 1339. Although relevant to the abandonment inquiry, “bounty
 
 maintenance is
 
 not essential to the status of a public road.”
 
 Kennedy,
 
 660 So.2d at 1339;
 
 see also Walker,
 
 474 So.2d at 1117.
 

 [2]
 

 . Our supreme court explained the risk of failing to join the county in an action involving a determination of the public or private nature of a road in
 
 Boles,
 
 554 So.2d at 961, thusly:
 

 "The trial court’s determination of whether the road was public or was private might affect not only the rights of the individual litigants but also the rights of members of the public to use the road, the duty of the county to maintain it, and the liability of the county for failure to maintain it. If the county is not joined as a party, then neither it nor other members of the public are bound by the trial court's ruling. Accordingly, if the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results of later litigation may be inconsistent with the results of the initial litigation.”