THOMAS, Judge.
This is the second time these parties have appeared in this court. Wilson v. Berry, 36 So.3d 559 (Ala.Civ.App.2009). The pertinent facts were set out in Wilson:
“Horace E. Berry and Carolyn C. Berry own several contiguous parcels of real estate in Fayette County (‘the Berry property’). One parcel of the Berry property abuts one of two contiguous parcels of property owned by the estate of C.J. Wilson (‘the Wilson property’). A dirt road traverses from a county road known as Coprich Road across a portion of the Wilson property and across a small portion of neighboring property before it reaches the Berry property. The Berrys, and, before them, Horace’s father, have used this dirt road to haul timber, to reforest their property, and to otherwise maintain their property for approximately 50 years. At some point in mid to late 2007, Noland Wilson, one of the heirs of C.J. Wilson, put a cable across the road, obstructing the Berrys’ access to the road.
“The Berrys sued the estate and the heirs of C.J. Wilson — Noland Wilson, Pauline Wilson, J.C. Wilson, Robelton Wilson, James R. Wilson, Benjamin Wilson, Eulene Nails, and Earline Brown (referred to collectively as ‘the Wilson defendants’) — alleging that their land was landlocked, that no other access to a county road from their land was available, and that they had used and improved the road for ‘not less than 50 years.’ The day before trial, the Berrys amended their complaint to specifically allege that they were entitled to a prescriptive easement in the road. After a trial, the trial court entered a judgment in favor of the Berrys declaring that they were entitled to a prescriptive easement in the road.”
Wilson, 36 So.3d at 560.
Because the testimony at trial indicated that the parties believed that the road in question had been a public roadway that had been abandoned at some point, we reversed the trial court’s judgment because Fayette County was an indispensable party to the action and had not been made a party below. Id. at 561. As we explained in footnote one of the opinion:
“In order to change the character of a public road, the road must either be vacated pursuant to a statutory procedure, see Ala.Code 1975, § 23-4-2 (setting out procedure for a municipality or county to vacate a public road) and § 23-4-20 (setting out procedure by *180 which abutting landowners may vacate a public road), or be abandoned. Kennedy v. Hines, 660 So.2d 1335, 1339 (Ala.Civ.App.1995). The abandonment of a public road may be accomplished by nonuse of the road for a period of 20 years or, in situations in which another road replaces the road in question, by nonuse for a period shorter than 20 years. Walker v. Winston County Comm’n, 474 So.2d 1116, 1117 (Ala.1985); Kennedy, 660 So.2d at 1339. The person claiming the abandonment bears the burden of proving nonuse for the requisite period by clear and convincing evidence. Walker, 474 So.2d at 1117; Kennedy, 660 So.2d at 1339. Although relevant to the abandonment inquiry, ‘[c]ounty maintenance is not essential to the status of a public road.’ Kennedy, 660 So.2d at 1339; see also Walker, 474 So.2d at 1117.”
Id. at 560 n. 1.
On remand, Fayette County was added as a party to the action. On March 29, 2010, John R. Gordon, the county administrator, filed a motion to dismiss Fayette County as a party on the basis of his attached affidavit, in which he stated that he, “or someone on [his] behalf has at [his] direction, examined the records of Fayette County, Alabama, and find [sic] that Fay-ette County does not own, nor has it ever owned, any interest in and to the property which is the subject of this lawsuit.” The trial court dismissed Fayette County as a party on April 28, 2010, on the basis of Gordon’s motion to dismiss, and it reiterated the findings in its original judgment regarding its determination that the Ber-rys were entitled to a prescriptive easement.
The estate of C.J. Wilson and C.J. Wilson’s heirs (“the Wilson defendants”) filed a motion to alter, amend, or vacate the judgment and a motion for a new trial. After a hearing, at which the Wilson defendants specifically pointed out to the trial court that the motion to dismiss Fay-ette County was not filed by a licensed attorney but instead by the county administrator, the trial court denied their post-judgment motions. The Wilson defendants appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal, the Wilson defendants raise several issues, including challenging the merits of the trial court’s conclusion that the Berrys were entitled to a prescriptive easement, arguing that the trial court erred by dismissing Fayette County when the motion seeking dismissal was not filed by an attorney representing Fayette County, and arguing that Gordon’s affidavit was faulty because it was based on hearsay. We reverse the trial court’s judgment based on the second argument raised by the Wilson defendants, and our resolution of that threshold issue again bars our consideration of the merits of the trial court’s judgment.
Although no Alabama case has directly considered whether a county, which is declared to be “a body corporate” by Ala.Code 1975, § 11-1-2, may be represented in court by someone other than a licensed attorney, this court and our supreme court have long held that a corporation may not be represented in a court of law by one of its officers and must instead be represented by a licensed attorney. AOK Constr. Co v. Castle Constr. Co., 594 So.2d 53 (Ala.1992); Ex parte Lamberth, 242 Ala. 165, 167, 5 So.2d 622, 623 (1942); Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala.Civ.App.1997); but see Progress Indus., Inc. v. Wilson, 52 So.3d 500, 508 (Ala.2010) (holding that a filing by a nonattorney on behalf of a corporation may be considered an “appear- *181 anee” for purposes of Rule 55(b)(2), Ala. R. Civ. P.). As our supreme court has explained, the rationale behind prohibiting a nonattorney from representing the interests of a separate legal entity protects the public in three ways:
“(1) by protecting citizens from injury caused by ignorance and lack of skill on the part of those who are untrained and inexperienced in the law; (2) by protecting the courts in their administration of justice from the interference of those who are unlicensed and are not officers of the court; and (B) by preventing the unscrupulous from using the legal system for their own purposes to the detriment of the system and of those who may unknowingly rely on them.”
Ex parte Ghafary, 738 So.2d 778, 779 (Ala.1998). We can conceive of no reason to treat a county, which is considered a corporate body and is thus a separate legal entity, differently than any other corporation. Certainly the interests of the public, and especially the interests of the residents of the particular county, could be jeopardized by allowing a nonattorney official to appear on the county’s behalf and possibly to bind the county to a legal position that the county might be better off not assuming.
Our supreme court has further described a pleading filed by a nonattorney on behalf of a separate legal entity as a “nullity.” Ex parte Ghafary, 738 So.2d at 781; see also Progress Indus., 52 So.3d at 507-08 (“This court has thus held that a pleading filed by a non-attorney engaging in the unauthorized practice of law in purporting to represent a separate legal entity is a nullity”), and Ex parte Lamberth, 242 Ala. at 167, 5 So.2d at 623-24 (ordering the trial court to vacate its order denying the plaintiff’s motion to strike the answer of a corporation filed by the corporation’s president). Thus, we conclude that the motion to dismiss Fayette County as a party, filed by county administrator Gordon, a nonat-torney, was a nullity and, thus, that Fay-ette County, although it arguably has appeared in the action, see Progress Indus., 52 So.3d at 507-08, has not yet asserted a position in the litigation.
We therefore reverse the trial court’s judgment and remand the cause for the trial court to set aside its dismissal of Fayette County as a party, for Fayette County to appear in the action through an attorney, for the issues whether and when the road was abandoned by the county to be determined based on evidence presented by the county and the other parties, and for the trial court to enter a judgment based on its determination regarding the status of the road.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.