THOMAS, Judge,
dissenting.
I respectfully dissent. I would reverse the judgment of the trial court and remand the cause for the joinder of Jackson County as an indispensable party to the action. The county is an indispensable party to an action seeking to determine whether a road is public or private. Boles v. Autery, 554 So.2d 959, 962 (Ala.1989).
*572 “The trial court’s determination of whether the road was public or was private might affect not only the rights of the individual litigants but also the rights of members of the public to use the road, the duty of the county to maintain it, and the liability of the county for failure to maintain it. If the county is not joined as a party, then neither it nor other members of the public are bound by the trial court’s ruling. Accordingly, if the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results of later litigation may be inconsistent with the results of the initial litigation.”
Boles, 554 So.2d at 961.
One of the theories advanced by Hugh O’Neal, Lonnie Hill, and Anita Hill in their complaint was that the roadway had been, and remained, a public road. Testimony was later introduced at trial regarding whether the roadway was a public road, and O’Neal and the Hills argued again in their posttrial brief that the roadway was a public road. Thus, the question whether the roadway was a public road was clearly before the trial court. Although the trial court found in favor of O’Neal and the Hills based on their alternate claim — that they had a private easement by prescription in the roadway — that determination necessarily implies a finding that the roadway is not a public road, allowing O’Neal and the Hills, along with Otha Steele and Harold Steele, to exclude the public from accessing the roadway. Because the question whether the roadway was a public road was at issue in the trial court, and because the trial court’s judgment affects the use of the roadway by the public, Jackson County was an indispensable party to the action. See Wilson v. Berry, 36 So.3d 559 (Ala.Civ.App.2009).
This court has routinely reversed judgments in cases between private parties where the question whether a roadway is public or private has arisen, holding that the county was an indispensable party to the action. See Allbritton v. Dawkins, 19 So.3d 241, 244 (Ala.Civ.App.2009) (holding that the county was an indispensable party to an action between private parties involving the question whether the plaintiffs had acquired a private easement or, alternatively, whether the roadway was a public road); Wilson, 36 So.3d at 561 (holding that the county was an indispensable party to an action between two private parties where there was evidence indicating that a roadway at issue was once public); Burnett v. Munoz, 853 So.2d 963, 966 (Ala.Civ.App.2002) (holding that the county was an indispensable party to an action between two private parties in which the public status of a roadway was in question); and Laney v. Garmon, 25 So.3d 478, 480 (Ala.Civ.App.2009).
The main opinion argues that Jackson County’s absence from the instant action should be excused based on equitable principles. However, equitable principles have generally been applied only where the issue of the absence of an indispensable party has been raised after the entry of the judgment, as is apparent from the cases relied on by the main opinion. In Byrd Cos. v. Smith, 591 So.2d 844 (Ala.1991), the Alabama Supreme Court declined to reverse a judgment for failure to join an indispensable party when the appellant had raised the issue for the first time on appeal even though it was aware of the absence of the party before the trial. 591 So.2d at 847. Byrd, in turn, cited J.R. McClenney & Son, Inc. v. Reimer, 435 So.2d 50 (Ala.1983), in which our supreme court, based on equitable principles, declined to reverse the denial of a Rule 60(b)(4), Ala. R. Civ. P., motion when the party had not alleged the absence of an indispensable party at trial and had not appealed the trial court’s judgment but *573 instead had raised the issue for the first time in a Rule 60(b) motion filed after the time for appeal had expired. 435 So.2d at 52. Byrd also cited Geer Brothers, Inc. v. Walker, 416 So.2d 1045 (Ala.Civ.App.1982), in which this court declined, on equitable principles, to reverse a judgment for failure to join an indispensable party when the issue was raised for the first time in a postjudgment motion. 416 So.2d at 1050. As also noted in Geer Brothers, “when the issue of nonjoinder is raised for the first time after the trial has concluded, ‘considerations of judicial economy and fairness dictate that the court closely examine the merits of any assertion of nonjoinder to be certain that it really will have prejudicial effects.’ ” Id. (quoting 7 C. Wright & A. Miller, Federal Practice and Procedure § 1609 at 90 (1972)).
In the instant action, the Steeles raised the issue of the absence of Jackson County at the beginning of trial and again in their posttrial brief; thus, they raised the issue well before the entry of the judgment. Therefore, the Alabama cases cited by the main opinion for the proposition that we should not reverse the judgment in the instant action for the failure to join an indispensable party based on equitable principles are wholly inapposite.
Lastly, I cannot agree, as the main opinion asserts, that the judgment in this case is necessarily favorable to Jackson County. Although it is true that the judgment does not impose any additional duties on Jackson County, Jackson County would also represent the interests of the general public in the action — a general public that is excluded from using the roadway pursuant to the trial court’s judgment. Moreover, the exclusion of the general public from using the roadway creates the possibility that O’Neal, the Hills, and the Steeles may have to relitigate the status of the roadway in a future lawsuit brought by Jackson County or by a member of the general public, which is the very reason why Jackson County is an indispensable party to the instant action. See Boles, 554 So.2d at 961 (“[I]f the county and other persons are not bound, then the status of the road as public or private is subject to being litigated again, and the results, of later litigation may be inconsistent with the results of the initial litigation.”).
“The absence of a necessary and indispensable party necessitates the dismissal [by the trial court] of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.” J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51 (Ala.1981). Accordingly, I would reverse the judgment of the trial court and remand the cause to that court to join Jackson County as an indispensable party to the action. Because I would reverse the judgment and remand the cause for failure to join Jackson County as an indispensable party, I express no opinion on the remaining issues raised on appeal.
MOORE, J. concurs.