MOORE, Judge.
Michael A. Williams petitions this court for a writ of mandamus directing the Dallas Circuit Court (“the circuit court”) to dismiss an unlawful-detainer action filed by the Selma Housing Authority (“the Authority”). We grant the petition and issue the writ.

Procedural History

On July 14, 2010, the Authority filed in the Dallas District Court (“the district court”) a complaint alleging an unlawful-detainer claim against Williams. The complaint was signed by Lola B. Rogers,[1] the executive director of the Authority. On August 18, 2010, the district court entered a judgment in favor of the Authority. Williams filed a motion to alter, amend, or vacate the district court’s judgment on Au *137 gust 24, 2010; that motion was denied on August 25, 2010. On August 27, 2010, Williams filed his notice of appeal to the circuit court.
On February 22, 2011, Williams filed in the circuit court a motion to dismiss the action for lack of subject-matter jurisdiction; in that motion Williams asserted that Rogers was not a licensed attorney and that she therefore could not bring an action on behalf of the Authority, which is a corporation. On March 2, 2011, Williams filed a memorandum of law in support of his motion to dismiss, along with documents supporting his assertion that the Authority was a corporation. That same day, the Authority filed a response to the motion to dismiss supported by an affidavit executed by Rogers, in which Rogers stated, in pertinent part:
“I am employed as the Executive Director of [the Authority], a position which I have held officially since 2006. My duties involve the day-to-day administration and operations of [t]he Authority-
“The Authority is a public municipal housing authority organized pursuant to Ala.Code [1975], Section 24-1-20 et seq. The Authority is governed by a five member Board of Commissioners who are appointed by the Mayor of the City of Selma and which establishes policy for the Authority.
“The goal of [t]he Authority is to provide safe, decent and sanitary housing to low-income persons and families residing within the municipal limits of the City of Selma and the portions of Dallas County lying within twenty miles of the municipal limits of the City of Selma.
“In carrying out its mission as a public housing authority, [t]he Authority acts as an instrumentality of the Department of Housing and. Urban Development (HUD) and administers HUD programs which provide federal payments or subsidies for low-income housing, including its conventional public housing program and its Section 8 voucher program. In administering these programs, [t]he Authority complies with HUD rules and regulations, Authority Application for Continued Occupancy Policies (ACOP), Administrative Plan, Lease Agreement and applicable state law.
“In its conventional housing program, [t]he Authority owns and operates 7 (seven) public housing developments or projects. These are: George Washington Carver Homes (GWC), Felix Heights, Rangedale Apartments, Range-dale Annex, Valley Creek Homes, Magnolia Court and Wilkinson Homes. In these developments, [t]he Authority provides housing to 575 families totaling 1,326 individuals. In the operation of the Section 8 voucher program, [t]he Authority provides housing assistance to an additional 1,072 families totaling 2,625 individuals. The funds used by [t]he Authority in the operation of its conventional public housing and Section 8 voucher housing programs are federal funds and funds generated from rent collections.
“In the operation of its housing developments, [t]he Authority employs resident and/or on-site managers. It has been the policy and practice of [t]he Authority for these managers to collect that portion of the rent payment which may be due from the tenants and to report to [t]he Authority the tenants who are delinquent in their rental payments or are in violation of the lease agreement. As an Executive Director of [t]he Authority and in performance of my management duties, I caused an unlawful detainer complaint to be prepared and filed in the District Court of Dallas *138 County against Michael Williams, a resident of ... GWC Homes, for reason of nonpayment of rent. The complaint form used in the instant case is the same or similar to that made available to members of the public (State of Alabama Unified Judicial System Form C-59).
“I have reviewed records of [t]he Authority for the period January 2010 to December 2010. During this period, [t]he Authority commenced 41 (forty-one) evictions in the Dallas County District Court. Legal expenses associated with the handling of the most routine unlawful detainer actions are a matter of substantive concern to [t]he Authority which must carry out its mission within its budgetary confines and resources available to it.
“In its operations, [t]he Authority is always mindful of the rights of tenants arising under state and federal law and of the obligations of [t]he Authority to its tenants, including the rights and obligations which are set out in the Alabama Uniform Residential Landlord and Tenant Act, set out in Ala.Code [1975,] Section 85-9A-101 et seq. In the instant case, [t]he Authority followed all provisions of the Alabama Uniform Residential Landlord and Tenant Act which led to the entry of a judgment against [Williams] in the District Court of Dallas County, Alabama. To my knowledge, there has been no claim that [t]he Authority violated any of [Williams’s] rights or denied to him any of the rights secured by law, other than the assertion of [Williams’s] attorney, Legal Services Corporation of Alabama, that the instant unlawful detainer action was not filed or prosecuted by a licensed attorney-at-law. Further, to the best of my knowledge, the position taken by Legal Services Corporation of Alabama represents the consistent policy of Legal Services Corporation of Alabama to oppose the commencement of such actions without representation of legal counsel even where non-payment of rent is undisputed and where the tenant has received all notices required by law. It is my further opinion that this policy is unfair and violates public policy and the spirit and intent of the Alabama Uniform Residential Landlord and Tenant Act as set forth in the purposes of the Act and which provide that the Act shall be liberally construed and applied to: (1) simplify, clarify, modernize, and revise the law governing the rental of dwelling units and the rights and obligations of landlords and tenants; (2) encourage landlords and tenants to maintain and improve the quality of housing; and (3) make uniform the law among those states which enact it.”
Williams’s motion to dismiss was denied on March 3, 2011. On April 13, 2011, Williams petitioned this court for a writ of mandamus.

Standard of Review

“Mandamus review is available when the question presented is one of subject-matter jurisdiction.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000).’
“Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003) (emphasis *139 added). ‘When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.’ State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Under such a circumstance, the trial court has ‘no alternative but to dismiss the action.’ 740 So.2d at 1029.”
Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala.2005).

Discussion

In his petition, Williams argues that, because the unlawful-detainer action was filed by Rogers, a nonattorney, on behalf of the Authority, a corporation, the circuit court erred by denying his motion to dismiss.
“[Tjhis court and our supreme court have long held that a corporation may not be represented in a court of law by one of its officers and must instead be represented by a licensed attorney.” Estate of Wilson v. Berry, 68 So.3d 178, 180 (Ala.Civ.App.2011).
“Our supreme court has further described a pleading filed by a nonattor-ney on behalf of a separate legal entity as a ‘nullity.’ Ex parte Ghafary, 738 So.2d [778,] 781 [(Ala.1998)]; see also Progress Indus.[, Inc. v. Wilson], 52 So.3d [500,] 507-08 [(Ala.2010)] (‘This court has thus held that a pleading filed by a non-attorney engaging in the unauthorized practice of law in purporting to represent a separate legal entity is a nullity.’), and Ex parte Lamberth, 242 Ala. [165,] 167, 5 So.2d [622,] 623-24 [(1942)] (ordering the trial court to vacate its order denying the plaintiffs motion to strike the answer of a corporation filed by the corporation’s president).”
Berry, 68 So.3d at 181.
In response, the Authority argues that Rogers did not engage in the unauthorized practice of law because, it says, she did not hold herself out to be an attorney in violation of Ala.Code 1975, § 34-3-1. Section 34-3-1 provides that a person who is not a licensed attorney engages in the unlawful practice of law if he or she “practice[s] or assume[s] to act or hold himself or herself out to the public as a person qualified to practice or carry on the calling of a lawyer.” We note, however, that although Rogers might not have held herself out to the public as a person qualified to practice law, she acted as a person qualified to practice law by filing the complaint on behalf of the Authority.
The Authority also argues that Rogers did not engage in the practice of law as defined by Ala.Code 1975, § 34-3-6, because, it says, she did not actually draft the unlawful-detainer complaint but, instead, used the Form C-59 complaint form provided by the Unified Judicial System. The Authority notes that § 34—3—6(b)(1) provides that a person practices law when he or she, “[i]n a representative capacity!,] appears as an advocate or draws papers, pleadings, or documents, or performs any act in connection with proceedings pending or prospective before a court or a body, board, committee, commission, or officer constituted by law or having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the state or any subdivision thereof.” The plain language of § 34-3-6 does not limit the practice of law to drafting pleadings and is broad enough to encompass the completion of a complaint form on behalf of the Authority.
The Authority next argues that § 35-9A-101 et seq., Ala.Code 1975, the Alabama Uniform Residential Landlord and Tenant Act (“the Act”), provides that a manager of property may sue alleging unlawful detainer. The Authority points out *140 that Ala.Code 1975, § 35-9A-461(a), a part of the Act, refers to “[a] landlord’s action for eviction, rent, monetary damages, or other relief.” (Emphasis added.) The Authority notes that, pursuant to Ala. Code 1975, § 35-9A-141(7), a part of the Act, the term “landlord” “means the owner, lessor, or sublessor of the dwelling unit or the building of which it is a part, and it also means a manager of the premises.” (Emphasis added.) The Authority argues that Rogers is the manager of the housing development in which Williams resides and, thus, that she had the authority to initiate the unlawful-detainer action on behalf of the Authority. The Authority cites The Florida Bar Re: Advisory Opinion— Nonlawyer Preparation of & Representation of Landlord in Uncontested Residential Evictions, 605 So.2d 868 (Fla.1992), opinion clarified, 627 So.2d 485 (Fla.1993), advisory opinions issued by the Justices of the Florida Supreme Court, in support of its argument. It is unnecessary, however, for this court to determine whether a non-lawyer property manager may bring an action alleging unlawful detainer on behalf of a corporation in the present case because Rogers is not the manager of the premises. Section 24-l-27(a)(7), Ala.Code 1975, a part of § 24-1-1 et seq., Ala.Code 1975, an act pertaining to housing authorities, grants the Authority the power “[t]o manage, as agent of any city located within its boundaries, any housing project constructed or owned by such city.” Pursuant to Ala.Code 1975 § 24-1-24, the “authority may delegate to one or more of its agents or employees such power or duties as it may deem proper.” Rogers’s affidavit makes it clear that the Authority did not delegate the power or duty to manage the housing development in which Williams resides. In fact, her affidavit states that the Authority “employs resident and/or on-site managers.” Because Rogers is the executive director of the Authority and not a manager of the housing development, we reject the Authority’s argument.
The Authority’s final argument is that not allowing nonattorneys to file an action alleging unlawful detainer violates public policy. The Authority cites Ala.Code 1975, § 24-l-6(a), which requires “each housing authority [to] manage and operate its low rent housing projects in an efficient manner.” We note, however, that that policy must be balanced with the need to maintain an efficient court system.
“As our supreme court has explained, the rationale behind prohibiting a nonat-torney from representing the interests of a separate legal entity protects the public in three ways:
“ ‘(1) by protecting citizens from injury caused by ignorance and lack of skill on the part of those who are untrained and inexperienced in the law; (2) by protecting the courts in their administration of justice from the interference of those who are unlicensed and are not officers of the court; and (3) by preventing the unscrupulous from using the legal system for their own purposes to the detriment of the system and of those who may unknowingly rely on them.’
“Ex parte Ghafary, 738 So.2d 778, 779 (Ala.1998).”
Berry, 68 So.3d at 181.
We conclude that the policies set forth by our supreme court in Ex parte Ghafary, 738 So.2d 778 (Ala.1998), and in Berry, supra, should not be sacrificed in the quest for ultraefficiency on the part of the Authority. Further, having a licensed attorney represent the Authority in unlawful-detainer actions would likely aid the Authority in maintaining efficiency because it would benefit from the skill and knowledge possessed by a licensed attorney in the prosecution of those actions. Accordingly, *141 we decline to make a public-policy exception to the general rule set forth by our supreme court and by this court.
Based on the foregoing, we conclude that the unlawful-detainer complaint filed by Rogers on behalf of the Authority was a nullity. Berry, 68 So.3d at 181. Thus, the district court never acquired jurisdiction over that action. Because the district court was without jurisdiction, we conclude that the requirements for the issuance of the requested writ have been met. We therefore grant Williams’s petition and direct the circuit court (1) to grant Williams’s motion to dismiss and (2) to instruct the district court to vacate its void judgment.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Rogers's name apparently changed after this action was commenced; her name is now Lola Rogers Moore.