THOMPSON, Presiding Judge.
Eric Franklin appeals from a judgment of the Montgomery Circuit Court reviving an earlier judgment against him. However, for the reason discussed below, we dismiss the appeal.
The record indicates that the notice of appeal was signed and filed by Nue Franklin (“Nue”). The record also makes clear that Nue is not an attorney. Nue appeared at the hearing the trial court held in this matter and advised the court that she had obtained a power of attorney “to act in [Franklin’s] stead.” She attempted to argue on behalf of Franklin, but, after “checking” with the Alabama State Bar Association, the trial court made her leave the courtroom.
One of the issues raised in Franklin’s brief on appeal is “[w]hether the trial court erred in finding that a power of attorney could not grant permission to a non-attorney representative, to appear pro *84 se in court in a representative capacity as ‘next friend,’ or agent,’ without the presence of the ‘real party’ in court.” In the argument portion of the brief, Franklin asserts that Nue “was wrongfully restricted from representing his interests as granted by the power of attorney.” It appears that Nue has continued with her efforts to “represent” Franklin on appeal.
Under Alabama law, one is engaged in the practice of law if he or she
“[i]n a representative capacity appears as an advocate or draws papers, pleadings, or documents, or performs any act in connection with proceedings pending or prospective before a court or a body, board, committee, commission, or officer constituted by law or having authority to take evidence in or settle or determine controversies in the exercise of the judicial power of the state or any subdivision thereof.”
§ 34 — 3—6(b)(1), Ala.Code 1975. Alabama law prohibits a nonattorney from appearing as an advocate for someone else.
“If any person shall, without having become duly licensed to practice, ... practice or assume to act or hold himself or herself out to the public as a person qualified to practice or carry on the calling of a lawyer, he or she shall be ■ guilty of a misdemeanor and fined not to exceed $500, or be imprisoned for a period not to exceed six months, or both.”
§ 34-3-1, Ala.Code 1975.
In Ex parte Williams, 89 So.3d 135 (Ala.Civ.App.2011), the executive director of the Selma Housing Authority (“the Authority”) signed and filed a complaint alleging unlawful detainer in the Dallas District Court. The executive director was not an attorney. This court granted a petition for a writ of mandamus directing the trial court in that case to dismiss the action on the ground that, because the action was filed by a nonattorney, the trial court did not obtain subject-matter jurisdiction over the action. Id. at 137. In granting the petition for the writ of mandamus, this court explained that, although the executive director might not have held herself out to the public as a person qualified to practice law, she acted as a person qualified to practice law by filing the complaint on behalf of the Authority. Id. at 139.
Similarly, this court dismissed the appeal in Stage Door Development, Inc. v. Broadcast Music, Inc., 698 So.2d 787 (Ala.Civ.App.1997), because a nonattorney filed a brief on behalf of a corporation. This court held that, by advocating on behalf of the corporation, the individual was engaging in the unauthorized practice of law. We wrote: “Having received, in essence, no brief from the appellant, we dismiss the appeal. See Rule 2, Ala. R.App. P.” Id. at 787. Rule 2(a)(2)(A), Ala. R.App. P., provides that an appeal may be dismissed if an appellant fails to file a brief within the time provided by Rule 31, Ala. R.App. P.
Based on the authorities cited, the notice of appeal that Nue filed on behalf of Franklin is a nullity, and the appeal must be dismissed.
APPEAL DISMISSED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.